David Burton **GILLENTINE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–88–01114–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 2, 1989.

Wesley H. Hocker, Robert A. Morrow, Janet Morrow, Hocker, Rodriguez & Morrow, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Alan Curry, Asst. Dist. Atty., Houston, for appellee.

Before DUGGAN, WARREN and MIRABAL, JJ.

## OPINION

DUGGAN, Justice.

After a bench trial, the court found appellant guilty of the misdemeanor offense of driving while intoxicated, and assessed his punishment at two years probation and a fine of $300.

In his sole point of error, appellant asserts that the trial court erroneously admitted the police officer's observations about appellant's physical condition at the time of his arrest, and appellant's response to field sobriety tests. Appellant argues that this evidence was the product of an illegal pretext arrest, and should, therefore, have been excluded under the fourth amendment to the United States Constitution and article I, section 9 of the Texas Constitution. We conclude that the traffic stop was not a pretext arrest, and affirm the judgment of the trial court.

The State's only witness was Officer Charles Crum, a member of the Houston Police Department's "DWI Task Force." Appellant did not testify, and Officer Crum's version of the facts is not disputed. Appellant refused to take the intoxilyzer test, and the defense did not object to introduction of the videotape of appellant.

On August 10, 1988, Officer Crum and his partner were working the 10 p.m. to 6 a.m. shift. At approximately 1:50 a.m., Officer Crum saw appellant's car traveling westbound on Richmond at a high rate of speed. After verifying on his radar that appellant was exceeding the speed limit by 12 miles per hour, Officer Crum began pursuing appellant without engaging his siren or flashing lights. When he caught up with appellant's car, Officer Crum observed appellant weaving between the two westbound lanes of Richmond. Shortly thereafter, appellant made an abrupt right turn from the middle lane without signaling, and Crum decided to pull him over.

He turned on his emergency lights and "popped" his siren three times over a distance of three blocks before appellant finally stopped.

Crum testified that, when he approached appellant and began speaking to him, he could smell the strong odor of alcohol in appellant's car and on his breath. Appellant was swaying as he stood beside his car, and had to touch the car to maintain his balance. Officer Crum then asked appellant to perform a series of field sobriety tests, the results of which indicated that appellant was intoxicated. Following the third field test, appellant became uncooperative and refused to perform any further tests. At this point, Officer Crum placed appellant under arrest, and took him to the downtown police station to be videotaped.

Appellant contends that Officer Crum stopped him for speeding merely as a pretext to investigate whether he was driving while intoxicated. During cross-examination, Crum testified as follows:

Q. (By defense counsel) Why didn't you have your lights on when you left from a standing stop? Why didn't you turn on your emergency equipment, Officer Crum?

A. To allow me the opportunity to observe the defendant's driving behavior without giving him the excuse that my red lights caused interference.

Q. Oh, you were there not so much because—you had formed an opinion from the radar that he violated the City ordinances of Houston, had you not?

A. Yes, sir, I had.

Q. Okay. So you weren't really there to give him a speeding ticket. You were using the speeding ticket to try to make the DWI arrest, weren't you?

A. No, sir.

Q. Well—

A. When I got close enough to the defendant's vehicle I realized that he was weaving, and I didn't make an effort at that time.

Q. But the reason you didn't turn your lights on and go ahead and arrest him for speeding is you were out there trying

to make DWI arrests, is that correct? That's what you were really there for?

A. Yes, sir.

Q. Okay. You waited until he made the turn. It was only at that time that you turned your emergency equipment on; is that correct?

A. When he made the turn, the unexpected turn without signaling, without warning, yes, sir, it was at that point that I let him know that I was behind him.

Although appellant concedes that Officer Crum had sufficient legal basis to stop him for speeding, he argues that Crum's tactic of following him for several blocks without emergency lights or siren was an "investigatory pursuit," for the sole purpose of making a DWI arrest. Appellant contends that Officer Crum's admission that he was "really there ... trying to make DWI arrests," clearly proves that this was a pretext arrest. Finally, appellant asserts that his changing of lanes and abrupt turn were caused by the police, because he was testing whether the police were actually following him.

In *Black v. State,* 739 S.W.2d 240, 244 (Tex.Crim.App.1987), the Court of Criminal Appeals stated, "When an arrest is used as a pretext, it is an illegal arrest and evidence discovered as a result of it may not be used at trial." Before deciding that the traffic stop in *Black* was a pretext arrest, the court first examined whether probable cause existed to arrest the suspect for the "target offense" (murder). After finding no probable cause for the warrantless murder arrest, the *Black* court utilized a five-part test that indicated that the arrest was pretextual: (1) the suspect was under surveillance for the target offense; (2) the arresting officer admitted that the reason appellant was arrested was to question him about the target offense; (3) the officers did not normally enforce traffic laws or write traffic tickets; (4) no tickets were written at the time of arrest; and (5) there was a delay between the officer's observation of the traffic offense and the stop. 739 S.W.2d at 244–45.

■ Appellant contends that Officer Crum's investigatory pursuit of him constituted a seizure under the reasonable man test of *Michigan v. Chesternut,* 486 U.S. 567, 108 S.Ct. 1975, 100 L.Ed.2d 565 (1988). When a suspect is seized or detained for a temporary investigation, the police must have a reasonable suspicion based upon specific and articulable facts to justify the stop. *Salcido v. State,* 758 S.W.2d 261, 264 (Tex.Crim.App.1988). Thus, appellant concludes that because Officer Crum lacked the reasonable suspicion necessary to conduct an investigatory detention of him, the traffic stop for speeding was a pretext arrest and any resulting evidence must be excluded.

■ Appellant's argument fails for two reasons. First, appellant does not satisfy the five-part test for a pretext arrest from *Black:* (1) appellant was not under surveillance for DWI before Officer Crum began pursuing him; (2) Officer Crum testified that his primary job was to make DWI arrests, but did not admit that his real reason for stopping appellant was to investigate a DWI; (3) Officer Crum enforced traffic laws and wrote tickets as part of his normal duties; (4) a speeding ticket was issued against appellant; and (5) the delay in stopping appellant was primarily due to appellant's own actions. *Black,* 739 S.W.2d at 244–45. In sum, the circumstances of appellant's arrest are clearly distinguishable from those of the murder suspect in *Black.*

■ Second, the law in Texas is well-settled that a peace officer, after a bona fide stop for a traffic offense such as speeding, may then make an additional arrest for any other offense discovered during the investigation. *Lee v. State,* 686 S.W.2d 255 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd). Officer Crum clocked appellant driving 12 miles per hour over the speed limit, stopped him for speeding, and then arrested appellant for DWI, but only after he failed three field sobriety tests. We conclude that the traffic stop made by Officer Crum was not a pretext arrest. Appellant's sole point of error is overruled.

We affirm the judgment of the trial court.