**Edwin Douglas COLEMAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–00–00081–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 1, 2001.

Discretionary Review Refused
June 20, 2001.

Kyle B. Johnson, Houston, for Appellant.

John B. Holmes, S. Elaine Roch, Houston, for the State.

Panel consists of Chief Justice SCHNEIDER, and Justices TAFT and BRISTER.

## OPINION

TAFT, Justice.

Appellant, Edwin Douglas Coleman, was charged with possession of more than one gram and less than four grams of cocaine, enhanced by two prior felony convictions. The jury found appellant guilty as charged and the enhancement paragraphs true, and assessed punishment at 50 years in prison. We address the factual sufficiency of the evidence to support an implied finding by the jury that a search of appellant's car was lawful, and whether the jury charge impermissibly shifted the burden of proof to appellant. We affirm.

### Facts

In the early morning hours of April 17, 1999, Officer Jimmie Norman noticed appellant's car as Norman was parked at an intersection in a marked patrol car. Norman did a random check of the license plate, found it had expired in May 1998, and activated his emergency lights and siren. When appellant eventually stopped in the center lane of Chimney Rock, Norman motioned him to the far right lane. Norman approached appellant's car, and asked to see his driver's license and proof of liability insurance. Appellant provided his license, but only after Norman pointed it out while appellant fumbled through his wallet. Appellant did not produce proof of insurance.

In response to inquiries from Officer Norman about where he was going, appellant first said he had been searching for a policeman to report an accident, but then said he was taking his female passenger

home. During this conversation, Norman noticed that appellant's eyes were glassy and his speech somewhat slurred. After Norman checked appellant's driver's license, appellant complied with the officer's request to step out of his car. Appellant also complied when Norman asked him to step to the rear of his car while he questioned the passenger. Norman spoke briefly with the passenger, who was weeping, but confirmed appellant was taking her home.

Appellant denied he had any narcotics in the car or on his person, and also denied he was intoxicated. He appeared intoxicated to Officer Norman, however, even though the officer did not detect alcohol on appellant's breath. After appellant performed poorly on two field-sobriety tests, the one-leg stand test and the touch-the-index-finger-to-the-nose test, Norman concluded appellant was under the influence of some substance, and placed appellant under arrest for driving under the influence (DWI). Appellant refused to cooperate when the officer told him to get into the back of the patrol car, became rigid, again denied he was intoxicated, and called the officer a racist. Appellant eventually got into the patrol car voluntarily, after Norman and a backup officer began to inventory appellant's car.

During the inventory of appellant's car, the officers collected a substance that later proved to be cocaine, and arrested appellant. A 20 minute video of the events leading to the arrest and inventory was presented as evidence at trial. A cellophane wrapper containing additional cocaine was recovered from appellant's clothing while he was being booked at the police station. The total cocaine collected weighed 1.71 grams.

### Jury Charge–Article 38.23 Instruction

The State's case for possession of a controlled substance was submitted to the

jury with an instruction that a peace officer is not authorized to stop, arrest, detain, or search a person or vehicle without first obtaining a warrant, unless the officer has "probable cause ... to believe that an offense" has been committed. *See* TEX. CODE CRIM.P.ANN. art. 38.23(a) (Vernon Supp.2001). The instruction continued:

> [I]f you believe from the evidence beyond a reasonable doubt that the peace officer did not acquire probable cause to believe that a traffic offense was committed by the defendant, or if you have a reasonable doubt thereof, then you shall not consider the evidence obtained by the officer as a result of the arrest of the defendant.

The trial court included this instruction after denying appellant's motion to suppress the cocaine seized from his car and person.[1] The trial court included the instruction on its own motion, without objection by either appellant or the State. Appellant's trial counsel premised his entire final argument on the instruction, and urged the jurors to find that Officer Norman lacked probable cause to believe appellant had committed a traffic offense.

### Implied Finding of Probable Cause

■ Appellant's first point of error challenges the factual sufficiency of the evidence to support the jury's finding that the cocaine used to support his conviction was legally seized *i.e.*, with probable cause. There is, of course, no express finding by the jury on this issue, because the verdict in a criminal case must be general. TEX. CODE CRIM.PROC.ANN. art. 37.07 § 1.(a) (Vernon 1981). Appellant focuses instead on the article 38.23(a) instruction in the court's charge, and challenges the factual sufficiency of the evidence to support an implied finding by the jury, pursuant to

that instruction, that Officer Norman seized the cocaine legally.

A threshold question arises whether appellant may properly challenge the factual sufficiency of the evidence to support an implied finding under article 38.23(a). Appellant cites no authority that permits this review. We note, however, in *Pierce v. State*, 32 S.W.3d 247 (Tex.Crim.App.2000), the Court of Criminal Appeals used the term "finding" in holding that, when the jury charge contains an instruction derived from article 38.23(a), a verdict of guilty "necessarily means" the jury found the evidence supporting the conviction was not illegally obtained. *Pierce*, 32 S.W.3d at 253 ("[S]uch a *finding* cannot supplant the trial court's ruling on a motion to suppress evidence") (emphasis added). The Court of Criminal Appeals has also instructed that a jury submission on the legality of the search or arrest, pursuant to article 38.23, "re-litigate[s] the issue before the jury." *Lalande v. State*, 676 S.W.2d 115, 117 (Tex.Crim.App.1984). Finally, the State agrees that the jury's guilty verdict implies the jury also found no illegality in the search that produced the cocaine appellant was convicted of possessing, and, as noted above, appellant's trial counsel premised his entire closing argument on the instruction.

Accordingly, we address the merits of appellant's challenge to the factual sufficiency of the evidence to support the jury's implied finding that the search and seizure of the cocaine from appellant was not tainted by any illegality.

■ In addressing this implied finding, we apply the usual standard for challenges to the factual sufficiency of the evidence to support a conviction. This standard requires us to view all the evi-

---

**1.** "I am going to deny the motion [to suppress.] The Court will instruct the jury on the

probable cause, and by that instruction, let the jury decide."

dence without the prism of in the light most favorable to the prosecution, i.e., "in a neutral light" that favors neither party. *Johnson v. State*, 23 S.W.3d 1, 7, 11 n. 13 (Tex.Crim.App.2000). Evidence is factually insufficient if (1) it is so weak that the jury's finding is clearly wrong and manifestly unjust or (2) the adverse finding is against the great weight and preponderance of the evidence. *See id.* at 11. While our authority to assess factual sufficiency allows us to disagree with the factfinder's determination, *Johnson*, 23 S.W.3d at 7, we are mindful that the jury is the sole determiner of the facts. TEX.CODE CRIM. PROC.ANN. art. 36.13 (Vernon 1981); *see Johnson*, 23 S.W.3d at 9. To avoid substituting our judgment for the factfinder's, therefore, we must defer, appropriately, to determinations by the factfinder that depend on credibility assessments and resolution of conflicts in the evidence. *See Johnson*, 23 S.W.3d at 7–9.

Appellant's argument supporting his point of error challenges the jury's implied finding that Officer Norman had probable cause to arrest him for the traffic offense of DWI.[2] We begin with Officer Norman's testimony that he stopped and temporarily detained appellant for the traffic offense of driving with an expired registration. *See* TEX.TRANSP.CODE ANN. § 502.002(a) (Vernon Supp.2001). It is well-settled that a police officer may stop and temporarily detain a driver for a traffic violation, and may then arrest for offenses discovered while investigating the traffic offense, and search the car and the area of the car incident to the discovered offense. *McVickers v. State*, 874 S.W.2d 662, 664 (Tex.Crim.App.1993) (officer may stop and detain for traffic offense); *Gillentine v. State*, 781 S.W.2d 382, 384 (Tex. App.—Houston [1st Dist.] 1989, no pet.) (officer may arrest for discovered offense and search incident to that offense). Having validly stopped and detained appellant for the offense of driving with an expired registration, Officer Norman was authorized to investigate appellant's slurred speech and glassy eyes by conducting a field-sobriety test to determine if appellant had driven while intoxicated.

A person who is intoxicated while driving a motor vehicle in a public place commits the offense of DWI. TEX.PENAL CODE ANN. § 49.04(a) (Vernon Supp.2001). "Intoxicated" encompasses "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body." TEX.PENAL CODE ANN. § 49.01(2)(A) (Vernon Supp.2001).

Appellant acknowledges that Officer Norman described appellant's speech as "sort of slurred," and his eyes as "glassy."

2. As a peace officer, Officer Norman could have arrested appellant for any traffic offense Norman observed, except speeding or a violation of the open container law, TEX.PENAL CODE ANN. § 49.03 (Vernon 1994). *See* TEX.CODE CRIM.P.ANN. art. 14.01(b) (Vernon 1977) (a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view); TEX.TRANSP.CODE ANN. § 543.001 (Vernon 1999) (general authorization to arrest for traffic offenses); TEX. TRANSP.CODE ANN . § 543.004(a)(1) (Vernon 1999) (exception to general authorization for speeding and violation of open container law). Because appellant does not challenge his arrest for the offense of driving while registration expired, and the jury charge did not specify a particular traffic offense, it is questionable whether appellant's point of error is broad enough to encompass an attack on the jury's implied finding. Nevertheless, because Norman stated he only detained appellant for the traffic offense and did not arrest appellant until after performing a DWI investigation, we will address appellant's sole complaint of factually insufficient evidence of probable cause to arrest for DWI.

Appellant also acknowledges that Norman testified appellant failed two field-sobriety tests. Despite this evidence, appellant contends the overwhelming weight of the evidence shows he was arrested because he argued with Officer Norman, and not because Norman had probable cause to believe appellant was under the influence of some substance.

Appellant first takes issue with Norman's testimony because he did not list appellant's slurred speech in the offense report. He also notes that, in describing appellant's eyes as "glassy," Norman acknowledged appellant was wearing yellow tinted glasses and agreed it is not unusual to have glassy eyes at 2:30 a.m. Appellant also emphasizes that Norman observed nothing about appellant's driving that would indicate DWI, and also agreed that appellant's failure to cooperate was *one* reason he was arrested. Appellant also takes issue with the videotaped field-sobriety tests Norman administered, on the grounds he was out of range of the camera when the tests were performed, but appears steady and his speech clear, although argumentative and irate, in the portions of the videotape in which he is in view. Appellant further emphasizes that his DWI case was eventually dismissed.

Appellant contends these circumstances so greatly preponderate in favor of the equally plausible explanation, that he was arrested solely because he refused to cooperate, that the jury's implied finding of no illegality in the arrest is manifestly unjust. We disagree. While appellant relies on factors that tend to cast doubt on appellant's intoxication, these factors do not so undermine the State's evidence as to render the jury's implied finding clearly wrong and manifestly unjust. *See John-son*, 23 S.W.3d at 11. Accordingly, we conclude the evidence is factually sufficient to support the jury's implied finding that the search and seizure of the cocaine from appellant was not tainted by an illegal arrest.

We overrule appellant's first point of error.

### Shifting the Burden

In his second point of error, appellant argues that the article 38.23(a) instruction in the jury charge misstated the law and shifted the burden to the defense on whether the cocaine was illegally obtained. As addressed above, appellant did not object when the trial court, on its own motion, included this instruction in the charge. Appellant acknowledges he must, therefore, establish that he suffered egregious harm due to the instruction. *See Abdnor v. State,* 871 S.W.2d 726, 731–32 (Tex.Crim.App.1994); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1985).

Article 38.23 provides:

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX.CODE CRIM.PROC.ANN. art. 38.23(a) (Vernon Supp.2001).

The charge submitted to the jury contained the following instruction:

You are instructed that no evidence obtained by an officer or other person in violation of any provisions of the Consti-

tution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. You are further instructed that our law permits the stop, arrest, detention, and search of a person by a peace officer without a warrant only when probable cause exists to believe that an offense against the laws of this state or of the United States has been violated. An officer is permitted to make and [*sic* ] arrest of a motorist if the officer has probable cause to believe the motorist has committed *or is* committing an offense.

By the term "probable cause," as used herein, is meant where the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed.

Therefore, bearing in mind the foregoing instruction, *if you believe from the evidence beyond a reasonable doubt that the peace officer did not acquire probable cause to believe that a traffic offense was committed by the defendant, or if you have a reasonable doubt thereof, then you shall not consider the evidence obtained by the officer as a result of the arrest of the defendant.*

(emphasis added).

When the trial court includes this instruction in the jury charge in accordance with article 38.23, the State must prove the legality of the search beyond a reasonable doubt. *Lalande,* 676 S.W.2d at 118 n. 5; *Johnson v. State,* 885 S.W.2d 578, 580 (Tex.App.—Dallas 1994, no pet.) (modified on other grounds by *Pierce,* 32 S.W.3d at 251–52). The prosecutor's closing argument to the jury reflects that the State assumed this burden. Nevertheless, as appellant contends, the first portion of the application paragraph placed the burden on him, to prove, beyond a reasonable doubt, that the police officer did not acquire probable cause to believe a traffic offense had been committed.

Confusion in this area stems from the statutory language of article 38.23(a) of the Code of Criminal Procedure, quoted in full above. Under this article, when "the legal evidence raises an issue hereunder, the jury shall be instructed that *if it believes, or has a reasonable doubt, that the evidence was obtained in violation* of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained." TEX.CODE CRIM. PROC. art. 38.23(a) (Vernon Supp.2001) (emphasis added). As pointed out in *Ramos v. State,* 991 S.W.2d 430 (Tex.App.—Houston [1st Dist.] 1999, pet. ref'd), in regard to a similar instruction, strict adherence to this mandate effectively instructs the jury to disregard the evidence in every case. *See Ramos v. State,* 991 S.W.2d at 436. This is true because every juror will either believe the evidence was obtained in violation of the law or have a reasonable doubt that it was obtained in violation of the law. Placing the burden appropriately on the State, the instruction should state:

Therefore, if you believe beyond a reasonable doubt that the peace officer lawfully obtained the evidence, you may consider it. If you have a reasonable doubt that the peace officer lawfully obtained the evidence, you may not consider it.

Here, the jury charge gave the correct second half of the mandated charge, but reversed the burden in the first half of the charge. This was error. Nevertheless, when the trial court asked counsel for appellant if he had any objection to the charge, counsel expressly stated he had no

objection. As we, and most other courts, have consistently held, an affirmative statement of "no objection" waives error because it leads the trial court to believe it is giving a charge to which the defendant has no objection. *See Ly v. State,* 943 S.W.2d 218, 220–21 (Tex.App.—Houston [1st Dist.] 1997, pet ref'd); *Reyes v. State,* 934 S.W.2d 819, 820 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd); *see also McCain v. State,* 995 S.W.2d 229, 243 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd, untimely filed); *McCray v. State,* 861 S.W.2d 405, 409 (Tex.App.—Dallas 1993, no pet.) (same); *contra Webber v. State,* 29 S.W.3d 226, 232 (Tex.App.—Houston [14th Dist.] 2000, pet. filed) (declining to follow *Ly, Reyes, McCain,* and *McCray* ).[3]

Nevertheless, even if analysis were necessary, as unobjected-to-error under *Almanza,* 686 S.W.2d at 171, we would conclude appellant has not demonstrated egregious error. As addressed above, while the jury charge was half wrong, the jury was instructed to disregard the evidence if it had a reasonable doubt of the lawfulness of obtaining it. More importantly, the prosecutor's closing argument to the jury reflected that the State assumed the proper burden. Under these circumstances, appellant has not met his burden of showing egregious harm.

Accordingly, we overrule appellant's second point of error.

### Conclusion

We affirm the judgment of the trial court.

---

**3.** We note that, in *Webber,* the opinion of the Fourteenth Court of Appeals acknowledges that *Almanza* did not address the affirmative

waiver situation presented here. *Webber,* 29 S.W.3d at 232.