NO. 12-01-00310-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JED CUMMINS HILDEBRAND,
§
 APPEAL FROM THE 

APPELLANT


V.
§
 COUNTY COURT AT LAW #7


THE STATE OF TEXAS,

APPELLEE
§
 DALLAS COUNTY, TEXAS

 

 Appellant Jed Hildebrand was convicted by a jury of the offense of Driving While
Intoxicated. The trial court set Appellant's punishment at 120 days in jail, probated for 24 months,
and a fine of $750.00. In two issues, Appellant argues that the evidence is legally insufficient to
support a finding that the traffic stop was legal and that he received ineffective assistance of counsel. 
We affirm.


Background

 Dallas Police Officer Mark Johnson observed Appellant making a U-turn on Greenville
Avenue at 2:00 a.m. The intersection was posted with a no U-turn sign for the hours of 10:00 p.m.
through 4:00 a.m. Officer Johnson made a traffic stop and noticed that Appellant's eyes were
bloodshot and that he spoke in a quiet and withdrawn manner. He also smelled the odor of alcohol
emanating from the car. After Appellant made numerous mistakes during the performance of several
sobriety tests, the police officer determined that Appellant was intoxicated and arrested him. 

 Appellant was charged with the offense of Driving While Intoxicated. During trial, defense
counsel argued that Appellant did not see the no U-turn sign because it was too small. At the charge
conference, he asked for and received an instruction based on article 38.23 of the Texas Code of
Criminal Procedure, which required the jury to ignore the evidence supporting conviction if they
found that the traffic stop was illegal. Appellant was subsequently found guilty of the offense of
Driving While Intoxicated. He then filed a motion for new trial. At the hearing on the motion, trial
counsel stated that he had located a copy of the Standard Highway Sign Designs for Texas Manual
and that the no U-turn sign was not in compliance with the state requirements, making the traffic
stop illegal. The trial court denied Appellant's motion for new trial and this appeal followed.


Sufficiency of the Evidence to Support 

the Jury's Implied Finding

 In his first issue, Appellant contends that there is legally insufficient evidence to prove that
the traffic stop of Appellant was made with probable cause. He argues that because the U-turn sign
did not comply with the Standard Highway Sign Designs for Texas Manual, the police officer had
no legal basis for stopping him. Consequently, the stop was illegal, and the officer's testimony was
inadmissible as fruit of the poisonous tree. 

 The jury instructions in the guilt-innocence phase of the trial tracked the language of article
38.23 of the Texas Code of Criminal Procedure, and instructed the jury as follows:


 Our law provides that an official traffic-control device may not be enforced against an alleged violator
if at the time and place of the alleged violation the device is not in proper position and sufficiently
legible to an ordinary observant person.


 Under our law, no evidence obtained by an officer in violation of any provisions of the Constitution
or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be
considered in evidence against the accused on the trial of any criminal case.


 You are instructed that under our law no evidence obtained or derived by an officer as a result of an
unlawful stop and detention shall be admissible in evidence against such accused. An officer is
permitted to stop a motorist if that officer has probable cause to believe that the motorist committed
a traffic violation.


 By the term "probable cause" is meant where the facts and circumstances within the officer's
knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves
to warrant a person of reasonable caution to believe that an offense has been or is being committed.


 Now, bearing in mind the foregoing instructions, if you do not find from the evidence, beyond a
reasonable doubt, that on the occasion in question the police officer had probable cause to believe that
the defendant had committed a traffic violation, an improper U-Turn, or you have a reasonable doubt
thereof, then such stopping of the defendant would be illegal and you must disregard that testimony
of the officer relative to his stopping of the defendant and all evidence derived after the stop and you
will not consider such evidence for any purpose whatsoever.



 In a case such as Appellant's in which the primary proof of guilt is obtained as a result of a
challenged stop, a guilty verdict necessarily means that the jury has found against the defendant on
the contested fact issue regarding the basis for the stop. See Pierce v. State, 32 S.W.3d 247, 253
(Tex. Crim. App. 2000). Such a verdict is an "implied finding that the search and seizure . . . was
not tainted by any illegality." Coleman v. State, 45 S.W.3d 175, 178 (Tex. App.-Houston [1st Dist.]
2001, pet. ref'd). However, "the legality of appellant's detention is not an element of the offense
charged but merely relates to the admissibility of evidence." Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997). 

 A legal sufficiency review is not an appropriate vehicle to review a jury's implied finding
under article 38.23. Davy v. State, 67 S.W.3d 382, 391 n.5 (Tex. App.-Waco 2001, no pet.) In
essence, Appellant's "legal insufficiency" argument is a claim that the evidence of intoxication
should never have reached the jury. Therefore, Appellant's complaint in this regard should have
been addressed to the trial court's legal determination to admit the evidence. See Kendrick v. State,
2002 Tex. App. Lexis 5528, at *14 (Tex. App.-Houston [14th Dist.] July 25, 2002, no pet.). 
Accordingly, we overrule Appellant's first issue.

Ineffective Assistance of Counsel

 In his second issue, Appellant complains that he received ineffective assistance of counsel
in violation of the federal and state constitutions and the Texas Code of Criminal Procedure. In
particular, Appellant contends that his trial attorney's representation fell below an objective standard
of reasonableness and that his defense was prejudiced at trial by his attorney's (1) failure to file a
motion to suppress based upon the Standard Highway Sign Designs for Texas Manual; (2) failure
to present the manual evidence to the jury in support of the probable cause argument under article
38.23 of the Texas Code of Criminal Procedure; and (3) failure to properly raise ineffective
assistance in the motion for new trial.

 We look to the general standards established for effective assistance of counsel in criminal
cases and determine that, to prevail on his first issue, Appellant must meet the two-pronged test
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). 
To show that his trial counsel was ineffective, Appellant must demonstrate that counsel's
performance was deficient. Id., 466 U.S. at 687, 104 S. Ct. at 2064. In order to satisfy that prong,
Appellant must demonstrate that counsel's performance fell below an objective standard of
reasonableness, as judged on the facts of his particular case and viewed at the time of counsel's
conduct. Id., 466 U.S. at 688-90, 104 S. Ct. at 2064-66. Further, counsel is presumed to have
rendered adequate assistance and made all significant decisions in the exercise of reasonable
professional judgment. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Second,
Appellant must show that counsel's performance prejudiced his defense at trial. Strickland, 466
U.S. at 692, 104 S. Ct. at 2067. "It is not enough for the Appellant to show that the errors had some
conceivable effect on the outcome of the proceeding." Id., 466 U.S. at 693, 104 S. Ct. at 2067. 
Rather, he must show there is a reasonable probability that the result of the proceeding would have
been different but for the errors made by counsel. Id., 466 U.S. at 694, 104 S. Ct. at 2068. "A
reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. 

 At the motion for new trial hearing, Appellant's defense attorney provided evidence that the
no U-turn sign and the time limitations on that sign were not in compliance with the law. See Tex.
Transp. Code Ann. §§ 544.001, 544.004(b) (Vernon 1999). He then argued:


 And I think we can look at that sign and the pictures that were offered both in this hearing
today and at trial and tell what has happened is the City of Dallas just went out there on their own and
tacked up some signs for whatever reason. I think common sense tells you there is no reason for traffic
control at 3:45 in the morning. I don't know why they have those hours. But they didn't do it in
accordance with the Texas Department of Transportation regulations. And if they don't then it can't
be enforced. And the officer very clearly stated throughout his testimony he did not stop Mr.
Hildebrand for any reason other than the enforcement of that sign. If that sign cannot be enforced as
a matter of law, then the stopping of that vehicle would be unlawful. We would be, if we were in a
pretrial situation, entitled to a motion to suppress evidence to have the court order that all evidence
derived from this stop was obtained unlawfully and can't be used against the accused.


 Or in the post conviction status now I did file a motion to suppress and I was unaware of the
existence of this manual until the end of the trial. So I guess the court can take it from one position
is the motion to suppress should have been presented pretrial and been granted or my failure to present
it was ineffective assistance as to Mr. Hildebrand for failing to get the manual before trial. And
certainly there would be no trial strategy of any sort to ignore a book like this and not bring it so that
we would know this before trial. So it is either the evidence was unlawfully obtained and that issue
was presented during the trial or the lawyer dropped the ball and shouldn't have dropped the ball. In
any event, the motion for new trial should be granted.


 When alleging ineffective assistance of counsel for failure to pursue a motion to suppress,
an appellant is required to prove by a preponderance of the evidence that the motion to suppress
would have been granted. Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). The
issue at a motion to suppress hearing is not whether the no U-turn sign was of the exact dimensions
stated in the manual, but rather whether the officer reasonably believed that Appellant had
committed a traffic offense when he stopped him. See Drago v. State, 553 S.W.2d 375, 377-78
(Tex. App.-Waco 2001, no pet.)(if a police officer has a reasonable basis for suspecting that a person
has committed a traffic offense, the officer may legally initiate a traffic stop); Powell v. State, 5
S.W.3d 369, 376-77 (Tex. App.-Texarkana 1999, pet. ref'd)(to justify a traffic stop, it is not
necessary to show that the motorist actually violated a traffic regulation). 

 At trial, the police officer testified that he witnessed Appellant make an illegal U-turn at 2:00
a.m. in front of a sign that prohibited U-turns from 10:00 p.m. to 4:00 a.m. He testified that the sign
was slightly smaller than a speed limit sign, and displayed a U-turn arrow and a red circle with a line
through it. The officer also stated that the times during which U-turns were prohibited were posted
under the no U-turn symbol. Further, the street was very well lit and he could clearly see the sign.

Since the only evidence in the record supports a finding that the police officer reasonably believed
that Appellant was making an illegal U-turn, Appellant failed to prove by a preponderance of the
evidence that the motion to suppress would have been granted. Consequently, we cannot say that
there is a reasonable probability that the result of the trial would have been different but for trial
counsel's failure to file a motion to suppress. 

 Appellant also complains that it was ineffective assistance when his trial counsel failed to
present the manual evidence to the jury in support of the probable cause argument under article 38.23
of the Texas Code of Criminal Procedure. Appellant argues that "[i]f this evidence had been
presented to the jury, the jury would have found the stop to be illegal and disregarded the evidence
seized as a result and the Appellant would have been found not guilty." However, Appellant's
statement is purely speculative. The trial court instructed the jury, pursuant to article 38.23, that a
traffic control device may not be enforced if not in proper position and sufficiently legible for an
ordinarily observant person. See Tex. Transp. Code Ann. § 544.004(b) (Vernon 1999). The
language of the trial court's jury instruction would have been the same regardless of whether the
manual was introduced at trial. Nothing in the record indicates that Appellant's argument regarding
the exact dimensions of the sign would have had a greater impact on the jury than his basic
contention that the sign was too small and thus illegible. Also, he has failed to show that the jury
would have ignored the police officer's testimony that he stopped Appellant because he had a
reasonable belief that Appellant made an illegal U-turn. Without proof that the jury would have
done so, we cannot say that trial counsel was ineffective. 

 Finally, regarding Appellant's complaint that his trial attorney did not raise ineffective
assistance in the motion for new trial, as seen in the above argument, defense counsel put it on the
record that he was probably ineffective for not having found the manual before trial and for not filing
a motion to suppress, since neither was trial strategy. But even if counsel's argument was not
sufficient to put the trial court on notice, Appellant must still show that there is a reasonable
probability that the trial court would have granted the motion for new trial if, in fact, trial counsel
had raised the issue. Appellant has wholly failed to do so, since trial counsel's two "errors" do not
constitute ineffective assistance and, thus, it would not have been an abuse of discretion for the trial
court to deny the motion for new trial. Consequently, Appellant has failed to show ineffective
assistance of counsel and we overrule his second issue.

 We affirm the judgment of the trial court.

 JIM WORTHEN 

 Justice


Opinion delivered November 20, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.










(DO NOT PUBLISH)