Rosendo Rodriquez MORALES,
Appellant,

v.

The STATE of Texas, Appellee.

No. 01–00–01156–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 12, 2002.

Frances Northcutt, Houston, for Appellant.

Bridget Holloway, Assistant District Attorney–Harris County, Houston, for Appellee.

Panel consists of Justices TAFT, ALCALA, and PRICE.*

## OPINION

TIM TAFT, Justice.

A jury found appellant, Rosendo Rodriquez Morales, guilty of murder and assessed punishment at 25 years in prison. We address whether the trial court properly denied appellant's motion to suppress and whether the sufficiency of the evidence may be attacked by challenging the sufficiency of the evidence supporting the suppression issue submitted to the jury. We affirm.

### Facts

Police officers found the body of Ruben Ramirez Rangel stuffed inside a garbage can in the back seat of a truck. A note in the truck containing the name "Morales" and a phone number led police to the apartment of appellant's girlfriend, where detectives learned Leticia Rodriguez had witnessed appellant strangling Rangel.

After discovering that appellant had fled to North Carolina, detectives found appellant and took three statements from him, in which he admitted helping to strangle Rangel. At trial, appellant denied killing Rangel.

### Admissibility of Custodial Statement

In his first and second points of error, appellant contends that the trial court erred in overruling the motion to suppress appellant's custodial statement because the warnings required do not appear on the face of the statement. Additionally, appellant argues that the evidence is insufficient to show that he waived the requisite warnings because the warnings were in Spanish.

At the motion-to-suppress hearing, appellant objected to the custodial statement on three grounds: (1) he asked for an attorney and did not get one, (2) there was a discrepancy over whether appellant read the statement or it was read to him, and (3) the name on the statement did not conform to the name on the indictment. Appellant did not contend below that the face of the custodial statement failed to show that he waived the requisite warnings because the warnings did not appear on the face of the statement or because they were in Spanish. Appellant has not preserved these issues for appeal because he did not raise them in the trial court. See Bell v. State, 938 S.W.2d 35, 54–55 (Tex.Crim.App.1996); TEX.R.APP. P. 33.1(a).

Consequently, we overrule appellant's first and second points of error.

### Legal Sufficiency and Factual Sufficiency

In his third and fourth points of error, appellant contends that the evidence is

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

legally and factually insufficient to show that he committed the offense of murder. Appellant contends that, excluding appellant's confession, for which there was insufficient evidence of compliance with statutory requirements, the evidence remaining is insufficient to establish appellant's guilt.

 The standard of review for legal sufficiency is to view the evidence in the light most favorable to the conviction and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000). The standard of review for factual sufficiency is whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination of guilt or so against the overwhelming weight of the evidence as to render the verdict manifestly unjust. *King v. State*, 29 S.W.3d 556, 563 (Tex. Crim.App.2000). Both standards apply to all of the evidence, whether properly or improperly admitted. *See Wilson v. State*, 7 S.W.3d 136, 141 (Tex.Crim.App.1999) (legal sufficiency); *Young v. State*, 976 S.W.2d 771, 773 (Tex.App.-Houston [1st Dist.] 1998, pet. ref'd) (factual sufficiency). When an appellant challenges the legal sufficiency of the evidence by asking a court to view less than all of the evidence, an appellant presents nothing for review. *See Fuller v. State*, 827 S.W.2d 919, 930–31

(Tex.Crim.App.1992). We see no reason why the same analysis should not apply to a factual sufficiency review.

 Appellant's point of error involves, as a threshold issue, a challenge to the sufficiency of the jury's determination of the admissibility of the confession issue. To allow such a challenge would violate the rule that the sufficiency of the evidence is determined by viewing all of the evidence, whether properly or improperly admitted.[1] *See Wilson*, 7 S.W.3d at 141 (legal sufficiency); *Young*, 976 S.W.2d at 773 (factual sufficiency). Accordingly, we overrule appellant's third and fourth points of error.

### Conclusion

We affirm the judgment of the trial court.

1. In *Coleman v. State*, 45 S.W.3d 175 (Tex. App.-Houston [1st Dist.] 2001, pet. ref'd), we addressed the factual sufficiency of the evidence supporting the jury's implied finding of lawful police activity submitted in an article 38.22 jury instruction. We acknowledged that no authority permitted us to address the factual sufficiency of a suppression issue. *Id.* at 178. Upon reconsideration of our opinion in *Coleman,* this Court overruled that part of our opinion in *Coleman* allowing a challenge to the sufficiency of the evidence supporting the jury's implied finding on a suppression issue. *See Johnson v. State*, 95 S.W.3d 568, 573 (Tex.App.-Houston [1st Dist.] no pet. h.).