Opinion Issued December 12, 2002













In The
Court of Appeals
For The
First District of Texas




NO. 01-01-01043-CR




KELVIN CHARLES JOHNSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 866582




EN BANC OPINION

          A jury convicted appellant, Kelvin Charles Johnson, of possession of a firearm
by a felon. The jury also found true the enhancement allegation of a prior conviction
for unauthorized use of a motor vehicle, and it assessed appellant’s punishment at
eight years in prison and a $1000 fine. We address (1) whether the trial court erred
by denying appellant’s motion to suppress evidence and (2) whether appellant may
challenge the legal and factual sufficiency of the evidence supporting the lawfulness
of a traffic stop. We affirm. 
Facts
          On January 20, 2001, Houston Police Department Officer Michael Lee was on
routine patrol when he observed appellant run a stop sign. Officer Lee also noticed
that appellant was not wearing his seatbelt. Officer Lee turned on his emergency
lights to signal appellant to stop and called Houston Police Department Officer K.G.
Berry for back-up.
          Both officers approached appellant’s car, and Officer Lee asked appellant for
his driver’s license and proof of insurance. Appellant could not produce either. As
Officer Lee was speaking with appellant, Officer Berry observed a box of ammunition
stuck between the seats. Officer Lee then asked appellant to step out of his car and
placed appellant in the back seat of his patrol car.
          When appellant got out of his vehicle, Officer Berry observed a firearm on the
floorboard on the driver’s side. Officer Berry signaled to Officer Lee to inform
Officer Lee of the firearm. Officer Lee then asked appellant if he possessed a permit
for the firearm. Appellant responded that he did not. Officer Lee then placed
appellant under arrest for possession of the firearm. During an inventory of the car,
a small pouch was found on the visor that contained 13 large rocks of crack cocaine
weighing 4.9 grams.



Motion to Suppress Evidence
          In his first point of error, appellant contends that the trial court erred in
overruling his motion to suppress evidence. Specifically, appellant argues that the
trial court erred in not suppressing the evidence because the officer lacked probable
cause to arrest appellant for the traffic violations, in violation of his Fourth
Amendment right against unreasonable search and seizure. See U.S. Const. amend.
IV. Appellant urges that the officer’s testimony that appellant did not stop at the stop
sign and was not wearing a seatbelt is “simply not credible on its face” because the
officer claimed to have observed the infractions from at least 150 feet away.
          Unless there is an abuse of discretion, a trial court’s ruling on a motion to
suppress evidence will not be set aside. Taylor v. State, 945 S.W.2d 295, 297 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d). We defer to a trial court’s determination
of facts that are supported by the record, especially when based on the evaluation of
the credibility and demeanor of witnesses. See Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997). The trial court, as fact finder, is the sole judge of a witness’s
credibility and may accept or reject any or all of the witness’s testimony. Taylor, 945
S.W.2d at 297. In reviewing a ruling on a question of application of the law to the
facts, we review the evidence in the light most favorable to the trial court’s ruling. 
Guzman, 955 S.W.2d at 89. However, we review de novo a trial court’s
determination of reasonable suspicion and probable cause. Id. at 87.  
          Officer Lee testified that he observed appellant fail to come to a stop at the stop
sign while not wearing his seatbelt. See Tex. Transp. Code Ann. § 545.151 (Vernon
Supp. 2002) (proscribing not coming to a complete stop at a stop sign); see also Tex.
Transp. Code Ann. § 545.413 (Vernon Supp. 2002) (proscribing not wearing a
seatbelt). Appellant claims Officer Lee’s testimony is incredible because he could not
have seen the traffic offenses from over 150 feet away, particularly when other
defense evidence was introduced to establish that the officer did not have an
unobstructed view. Officer Lee’s testimony is to the contrary. It shows that Officer
Lee approached the intersection of Thompson and Eigel, traveling eastbound on
Eigel. He observed appellant’s car, traveling southbound on Thompson, roll through
the stop sign. He estimated that he was 100 to 150 feet away. It was as he was
approaching that he observed that appellant was not wearing his seatbelt. From this
evidence, viewed in the appropriate light, the trial court could have concluded that
Officer Lee was as close as 100 feet and had a clear side view of appellant’s rolling
through the stop sign and an even closer view of the seatbelt infraction. Therefore,
the trial court, as the sole fact finder, did not err in concluding that Officer Lee’s stop
and detention of appellant were lawful and thus did not err in denying appellant’s
motion to suppress evidence.
          We overrule appellant’s first point of error.
Legal Sufficiency of the Evidence
          In his second point of error, appellant contends that the evidence was legally
insufficient because the State failed to prove beyond a reasonable double that the
firearm was seized lawfully. Appellant argues that the evidence failed to support the
jury’s implied finding, pursuant to article 38.23 of the Texas Code of Criminal
Procedure, that Officer Lee had reasonable suspicion to stop appellant’s car. See
Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon Supp. 2002).
          When reviewing the legal sufficiency of the evidence to support a criminal
conviction, the critical inquiry is whether the evidence in the record could reasonably
support a finding of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 318-19, 99 S. Ct. 2781, 2788-89 (1979). We review the legal sufficiency of the
evidence by viewing the evidence in the light most favorable to the verdict to
determine if any rational factfinder could have found the essential elements of the
crime beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex. Crim.
App. 2000); Howley v. State, 943 S.W.2d 152, 155 (Tex. App.—Houston [1st Dist.]
1997, no pet.).
          Appellant acknowledges that the prevailing law regarding sufficiency-of-the-evidence challenges applies only to the elements of the offense. Nevertheless,
appellant argues that we should also allow a challenge to the sufficiency of the
evidence supporting the jury’s implicit finding regarding the lawfulness of the traffic
stop. This very issue was decided against appellant’s position in Malik v. State, 953
S.W.2d 234 (Tex. Crim. App. 1997).


 Malik was found guilty of carrying a handgun. 
Id. at 234. On appeal, Malik argued that the evidence was legally insufficient to show
reasonable suspicion to stop him. Id. at 235. The Malik court held that the jury
instruction concerning the legality of the appellant’s detention could not be used to
measure the sufficiency of the evidence: the detention issue went to the evidence’s
admissibility and was not an element of the offense charged. Id. at 240. Accordingly,
we may not review the legal sufficiency of the evidence supporting the jury’s implicit
finding of lawfulness of the traffic stop.  
          We overrule appellant’s second point of error. 
Factual Sufficiency of the Evidence
          In his third point of error, appellant contends that the evidence is factually
insufficient because the State failed to prove beyond a reasonable doubt that the
firearm was seized lawfully. Appellant repeats the same argument already made in
support of his second point of error.
          The State responds by pointing to the case that established factual sufficiency
review in Texas criminal jurisprudence. See Clewis v. State, 922 S.W.2d 126 (Tex.
Crim. App. 1996). Clewis articulated the new standard of review in terms of the
factual sufficiency of the evidence supporting the elements of the offense. Id. at 129. 
Because the lawfulness of the traffic stop is not an element of the offense of
possession of a firearm by a felon, the State submits that appellant’s third point of
error is also without merit.
          The State candidly acknowledges our decision in Coleman v. State, 45 S.W.3d
175, 178 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d), however, in which we did
review the factual sufficiency of the jury’s implied finding on a suppression issue. 
There, we said that Coleman had presented no authority permitting such review. Id. 
Nevertheless, we reviewed what the Court of Criminal Appeals had identified as a
finding in Pierce v. State, 32 S.W.3d 247, 253 (Tex. Crim. App. 2000). Indeed, it is
tempting to review the factual sufficiency of the evidence supporting the implied
finding on the suppression issue because the jury is instructed, as it is in finding the
elements of the offense to establish guilt, that it must find the police conduct lawful
beyond a reasonable doubt before it may consider evidence stemming from the
challenged police conduct. See Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon
Supp. 2002). The State asks us to reconsider our decision in Coleman in light of
cases requiring all of the evidence to be reviewed in factual sufficiency analyses. See
Clewis, 922 S.W.2d at 129.
          We note that one member of a panel from the Waco Court of Appeals has
followed our decision in Coleman. See Davy v. State, 67 S.W.3d 382, 390 (Tex.
App.—Waco 2001, no pet.). Another member of the same panel expressly disagreed
with Coleman. See id. at 396 (Vance, J., concurring). Relying primarily on the
principle that sufficiency review, whether legal or factual, applies only to the
elements of the offense, the concurring opinion in Davy also pointed out the practical
quagmire that factual review of suppression issues would produce. Id. at 396-97.
          We also note that allowing factual sufficiency review of the suppression issue
would undermine well-settled law that sufficiency-of-the-evidence review considers
all of the evidence at trial, whether properly or improperly admitted. See Wilson v.
State, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999) (legal sufficiency); Young v. State,
976 S.W.2d 771, 773 (Tex. App.—Houston [1st Dist.] 1998, pet. ref’d) (factual
sufficiency). Allowing such a factual sufficiency review would also be inconsistent
with the principle that a factual sufficiency analysis presumes that the evidence has
already been found legally sufficient. See Clewis, 922 S.W.2d at 134. Because the
Malik court held there is no legal sufficiency review of suppression issues, it follows
logically that there can be no factual sufficiency review of those issues, either.
          These developments constrain us to reconsider our decision in Coleman, in
which we candidly acknowledged that there was no precedent allowing factual
sufficiency review of suppression issues. We now conclude there is both authority
and good reason not to do so. Accordingly, as to this point of error, we overrule that
portion of Coleman allowing challenges to the sufficiency of the evidence supporting
a jury’s implied finding on a suppression issue. See Coleman, 45 S.W.3d at 178. We
hold that an appellate court may not engage in a factual sufficiency review of
suppression issues submitted to juries pursuant to article 38.23(b) of the Code of
Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 38.23(b) (Vernon Supp.
2002). 
          Accordingly, we overrule appellant’s third point of error. 
 
 
 
 Conclusion
          We affirm the trial court’s judgment. 
 
 
                                                                        Tim Taft
Justice

Panel consists of Justices Taft, Alcala, and Price.



En banc consideration was requested. See Tex. R. App. P. 41.2(c). A majority of the
justices of the Court voted to consider the case en banc. See id. The en banc Court
consists of Justices Mirabal, Hedges, Taft, Nuchia, Jennings, Radack, Keyes, Alcala,
and Price. See Tex. R. App. P. 41.2(a). 
 
Publish. Tex. R. App. P. 47.4.