Opinion issued February 24, 2005
     













In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00448-CR




ABUDU KADIRI ALLI, Appellant

V.

THE STATE OF TEXAS, Appellee



On Appeal from County Court at Law No. 4
Fort Bend County, Texas
Trial Court Cause No. 95652


MEMORANDUM OPINION
          Appellant, Abudu Kadiri Alli, pleaded not guilty to the class A misdemeanor
offense of assault.


 The jury found appellant guilty, and the trial court sentenced
appellant to 60 days in jail, suspended imposition of the sentence, placed appellant
on community supervision for 12 months, and assessed a $250 fine. In two issues,
appellant contends that (1) he was denied the effective assistance of counsel and (2)
the evidence is factually insufficient to establish his guilt. We affirm.
Background
          On November 10, 2001, when appellant was living with his wife, Magdalene
Alli, at their house in Sugar Land, Texas, Magdalene called emergency assistance
because her husband had hit her on the arm. Officers Gamble and Lain of the Sugar
Land Police Department were dispatched to the couple’s residence, where they met
Magdalene outside of the house. Magdalene, whom the officers described as 
distraught, almost hysterical, upset, crying, and holding her right arm with her left
arm, told the officers that appellant had hit her, causing pain to her right arm. Officer
Gamble observed a wound on the arm, approximately three inches in diameter,
“reddish in color” and “swelling a little bit.” Another police officer photographed the
injury. 
          Officer Gamble spoke with appellant, who denied hitting Magdalene, but
acknowledged that he argued with her and that he told her “if she did not leave him
alone, that he would beat her.” Appellant contended that Magdalene scratched him
on the arm as he was attempting to leave the house, but could not account for
Magdalene’s injuries. 
          After appellant was placed under arrest, however, Magdalene immediately
recanted her story, denied everything she had previously said, claimed that appellant
had never hit her, and could not account for the cause of her injury. 
          At trial, Officer Gamble and Officer Lain described Magdalene’s emotional
state and testified about her statements to them on the night of the assault. 
Photographs of Magdalene’s injuries were admitted into evidence. When the State
called Magdalene to testify, she denied that appellant had assaulted her and claimed
that her wrist was injured by appellant’s pushing her hand away when she grabbed
his shirt to stop him from leaving. Terri Fringer, an assistant victim-assistance
coordinator at the Fort Bend County District Attorney’s Office, testified that
Magdalene filed an affidavit for non-prosecution, which requested that the charges
against appellant be dismissed, but later rescinded the affidavit.
Factual Sufficiency
          In his second issue, appellant contends that the evidence was factually
insufficient to establish his guilt because his conviction was based on inadmissible
hearsay evidence. A person commits class A misdemeanor assault if the person
intentionally, knowingly, or recklessly causes bodily injury to another, including the
person’s spouse. Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon 2003). “Bodily injury”
means physical pain, illness, or any impairment of physical condition. Tex. Pen.
Code Ann. § 1.07(8) (Vernon 2003). 
          In a factual-sufficiency review, we view all the evidence in a neutral light and
will set the verdict aside only if the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or the contrary evidence is so strong that the standard
of proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004). In conducting a factual-sufficiency review,
we must discuss the evidence that appellant contends most undermines the jury’s
verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Unless the
available record clearly reveals a different result is appropriate, an appellate court
conducting a factual sufficiency review must defer to the jury’s determination
concerning what weight to give conflicting testimony because resolution often turns
on evaluation of credibility and demeanor. See Johnson v. State, 23 S.W.3d 1, 8 (Tex.
Crim. App. 2000). 
          Although appellant contends his conviction was obtained through inadmissible
hearsay evidence, the factual sufficiency standard of review encompasses all of the
evidence, whether properly or improperly admitted. See Morales v. State, 95 S.W.3d
561, 563 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (rejecting argument that
defendant’s allegedly improper confession be excluded from factual sufficiency
review). The record shows that Magdalene told officers at the scene, who were
dispatched to the assault call by the 911 operator, that appellant struck her arm,
causing pain, which resulted in swelling and redness to her arm. The jury was well
aware that Magdalene immediately recanted the assault and filed her affidavit of non-prosecution, and heard her deny the assault at trial. 
          Given these conflicts in Magdalene’s testimony, we must defer to the jury’s
determination of what weight to give the conflicts because the jury was in the best
position to evaluate the credibility of the evidence. See Johnson, 23 S.W.3d at 8. We
conclude that the evidence is not so weak that the verdict is clearly wrong or
manifestly unjust, and the contrary evidence is not so strong that the beyond a
reasonable doubt standard could not have been met. We hold that the evidence is
factually sufficient to establish appellant’s guilt for assault.
          We overrule appellant’s second issue.
Ineffective Assistance of Counsel
          In his first issue, appellant contends that his trial counsel was ineffective by (1)
failing to request a limiting instruction to the jury


 from the trial court that
Magdalene’s prior inconsistent statements could only be used to impeach her
credibility and not as primary evidence of appellant’s guilt, and (2) failing to object
to the State’s decision to call Magdalene as a witness because she was a hostile
witness whom the State called for no purpose other than to introduce her otherwise
inadmissible impeachment testimony. 
          To prevail on a claim of ineffective assistance of counsel, the defendant must
show that (1) his counsel’s performance was deficient and (2) a reasonable
probability exists that the result of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The first
prong of Strickland requires the defendant to show that counsel’s performance fell
below an objective standard of reasonableness. Thompson v. State, 9 S.W.3d 808,
812 (Tex. Crim. App. 1999). Thus, the defendant must prove objectively, by a
preponderance of the evidence, that his counsel’s representation fell below
professional standards. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App.
2002). The second prong requires the defendant to show a reasonable probability
that, but for counsel’s unprofessional errors, the result of the proceeding would have
been different. See Strickland, 466 U.S. at 693-94; Thompson, 9 S.W.3d at 812. A
reviewing court must indulge a strong presumption, however, that counsel’s conduct
falls within the wide range of reasonable professional assistance; that is, the
defendant must overcome the presumption that, under the circumstances, the
challenged action “might be considered sound trial strategy.” Strickland, 466 U.S.
at 689, 104 S. Ct. at 2065. 
          Appellant contends that his trial counsel was ineffective because he did not
request that the trial court instruct the jury that Magdalene’s prior inconsistent
statements could only be used to impeach her credibility and not as primary evidence
of appellant’s guilt. The record shows that Magdalene’s statements to the peace
officers were admissible as excited utterances.


 See Tex. R. Evid. 803(2) (stating rule
of excited utterance hearsay exception). A limiting instruction would thus have been
improper because her statements were admitted for all purposes at trial and could be
properly used by the jury as primary evidence of appellant’s guilt. Trial counsel is
not ineffective because he failed to ask the trial court for a limiting instruction that
appellant was not entitled to receive. See Muniz v. State, 851 S.W.2d 238, 258 (Tex.
Crim. App. 1993) (holding failure to object to admissible evidence is not ineffective
assistance of counsel).
          Appellant also contends that his counsel was ineffective by not objecting to the
State’s decision to call Magdalene as a witness because Magdalene was a hostile
witness called for no purpose other than to introduce her otherwise inadmissible
impeachment testimony. Any allegation of ineffectiveness must be firmly founded
in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson, 9 S.W.3d at 813 (citing McFarland v. State, 928 S.W.2d
482, 500 (Tex. Crim. App 1992)). The record before us is silent concerning trial
counsel’s reasons for failing to object to the State’s decision to call Magdalene Alli
as a witness. See Mayhue v. State, 969 S.W.2d 503, 511 (Tex. App.—Austin 1998,
no pet.) (citing Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993) (holding
defendant may raise ineffective assistance of counsel claim and develop record in
proceeding on motion for new trial). We conclude that appellant has not met his
burden of proving ineffective assistance of counsel by a preponderance of the
evidence. 
          Accordingly, we overrule appellant’s first issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Nuchia, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).