IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00325-CR

 

Terry Lee McCormick,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2005-390-C

 



STATEMENT OF RECUSAL



 








          I hereby recuse myself from further participation in this
case.

 

 

                                                                                    _____________________________

                                                                                    FELIPE REYNA

                                                                   Justice

 

                                                                   Date:
________________________

 






="font-size: 14pt">Trial Court # MB98-32671-A
                                                                                                                
                                                                                                         
CONCURRING OPINION
                                                                                                                

      I disagree with the analysis of the first issue. I do not believe that we should review the
factual sufficiency of the evidence to support a jury’s implied findings on an article 38.23
instruction. As I read Malik v. State, sufficiency reviews are reserved for elements of the offense. 
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (“The legality of appellant's
detention is not an element of the offense charged but merely relates to the admissibility of
evidence.”); see also McGinn v. State, 961 S.W.2d 161, 169 (Tex. Crim. App. 1998) (“We hold
that a factual sufficiency review of a jury's determination [at the punishment phase of a capital
case] of a probability of future dangerousness is not required by the Texas Constitution.”). Thus,
I disagree with the decision in Coleman v. State, 45 S.W.3d 175, 178 (Tex. App.—Houston [1st
Dist.] 2001, pet. ref’d).



      Shortly after the Clewis decision, in Brumbalow v. State, we recognized that a Clewis-type
review of factual sufficiency is limited to the “elements of the offense” and declined to extend it
to the factual basis underlying revocation of community supervision. Brumbalow v. State, 933
S.W.2d 298, 299-300 (Tex. App.—Waco 1996, pet. ref’d). 
      The foremost problem with such a review is: What is the remedy if we find the evidence
factually insufficient to support the jury’s implied finding on the article 38.23 instruction? The
answer is easy if there is no other evidence on which the conviction might be based: reverse for
a new trial. If, however, we disregarded the evidence in question on the article 38.23 instruction
and found other evidence that is legally and factually sufficient to support the elements of the
offense, do we reverse a valid conviction that is fully supported by competent evidence? I think
not. I would rather not enter into the quagmire that review of such implied findings poses.
      Because I otherwise agree with the Chief Justice, I concur in affirming the judgment.


                                                                       BILL VANCE
                                                                       Justice

Opinion delivered and filed December 28, 2001
Publish