**Marco Antonio RAMOS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–96–00270–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 22, 1999.

---

Frances Northcutt, Houston, for Appellant.

John B. Holmes, Keli Pool Roper, Houston, for Appellee.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION

TIM TAFT, Justice.

Appellant, Marco Antonio Ramos, appeals his judgment of conviction for murder. The jury assessed 65 years in prison. We address an issue of first impression in this state—whether it is automatically reversible error for the trial court to deny a requested definition of reasonable doubt applied to a defensive issue at the punishment stage.[1] We also consider claims that the trial court erred by refusing to include instructions on the lesser included offenses of manslaughter and criminally negligent homicide and claims of improper jury argument by the prosecutor at both stages of the trial. We affirm.

## Facts

Fifteen-year-old Sandra attended a teen-age drinking party at appellant's home. During the evening, appellant and Sandra became intoxicated. Appellant persuaded Sandra to go to a secluded playground nearby. They talked and kissed. When Sandra pushed appellant away to rebuff his further advances, he shoved her back. They fought until appellant pushed Sandra down, causing her head to strike an open, elevated sewer drain. Appellant beat Sandra's head repeatedly against the concrete drain until she was defenseless, struck her face several times with his fist, and choked her. Appellant disposed of Sandra's un-

conscious body by pushing it into the sewer.

## Denial of Reasonable Doubt Instruction

In his fourth point of error, appellant challenges the trial court's refusal of appellant's request to define "reasonable doubt" in the portion of the charge in which the jurors were instructed they could consider voluntary intoxication in mitigation of punishment. Appellant insists this error entitles him to a new trial on punishment.

Section 8.04 of the Penal Code states the law regarding intoxication as a defense:

(a) Voluntary intoxication does not constitute a defense to the commission of crime.

(b) Evidence of temporary insanity caused by intoxication may be introduced by the actor in mitigation of the penalty attached to the offense for which he is being tried.

(c) When temporary insanity is relied upon as a defense and the evidence tends to show that such insanity was caused by intoxication, the court shall charge the jury in accordance with the provisions of this section.

(d) For purposes of this section "intoxication" means disturbance of mental or physical capacity resulting from the introduction of any substance into the body.

TEX. PENAL CODE ANN. § 8.04 (Vernon 1994).

---

1. At least four other courts of appeals have rejected automatic reversible error for omitting the definition of reasonable doubt from punishment charges that place the burden on the State to prove extraneous offenses beyond a reasonable doubt. *See Matz v. State,* 989 S.W.2d 419 (Tex.App.—Fort Worth, 1999) (no pet. h.) (applying *Almanza* analysis); *Fields v. State,* 966 S.W.2d 736, 741–42 (Tex.App.—San Antonio 1998, pet. granted) (applying rule 44.2(a) constitutional harm analysis); *Cormier v. State,* 955 S.W.2d 161, 163 (Tex. App.—Austin 1997, no pet.) (applying *Almanza* analysis); *Splawn v. State,* 949 S.W.2d 867, 872–75 (Tex.App.—Dallas 1997, no pet.) (applying *Almanza* analysis). Two courts of appeals have addressed the omission of the definition of reasonable doubt from the punishment charge placing the burden on the State to prove enhancement allegations, but applied different harmless error analyses. *See Powers v. State,* 985 S.W.2d 596, 600 (Tex.App.—Texarkana 1999, review ref'd) (applying *Almanza* analysis); *Martinez v. State,* 969 S.W.2d 139, 140–41 (Tex.App.—Fort Worth 1998, pet. granted) (finding automatic reversible error).

The jury charge at the punishment stage included the following instruction:

Evidence of the mental or physical incapacity of the defendant caused by voluntary intoxication may be introduced by the defendant in mitigation of the penalty attached to the offense for which he is being tried.

Intoxication means disturbance of mental or physical capacity resulting from the introduction of any substance into the body.

Mental or physical incapacity caused by intoxication means that the defendant's mental capacity was so disturbed from the introduction of a substance into his body that the defendant either did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated.

Therefore, if you find, or have a *reasonable doubt* thereof, that the defendant at the time of the commission of the offense for which he is on trial, was laboring under mental or physical incapacity caused by voluntary intoxication, then you may take such condition into consideration in mitigation of the penalty you assess.

(Emphasis added.) [2]

Appellant objected that "the burden of proof beyond a reasonable doubt is not defined and the jury is called upon, at one point, to exercise that burden of proof in its deliberations as to the punishment." [3] The trial court overruled appellant's objection. We assume, without deciding, that the denial of the request for a definition of "reasonable doubt" was error.

 Appellant claims the failure to define "reasonable doubt" results in automatic reversal under *Reyes v. State,* 938 S.W.2d 718 (Tex.Crim.App.1996), and *Geesa.* We note, however, the express holding of *Reyes* that "*Geesa* created an absolute systemic requirement that an instruction on reasonable doubt be submitted to the jury **in all cases where the burden of proof requires the jury to find *guilt* beyond a reasonable doubt** and the failure to submit such an instruction is automatic reversible error." *Reyes,* 938 S.W.2d at 721 (bolded emphasis added). By their own terms, *Reyes* and *Geesa* apply when the jury is required to find guilt beyond a

2. We discuss many errors in this charge. On a constructive note, we offer the following charge that avoids the errors we address:

Evidence of temporary insanity caused by intoxication may be introduced by the defendant in mitigation of the penalty attached to the offense for which he is being tried.

Intoxication means disturbance of mental or physical capacity resulting from the introduction of any substance into the body.

Temporary insanity caused by intoxication means such disturbance of mental capacity from intoxication that one does not know one's conduct is wrong.

Therefore, if you find that the defendant, at the time of the commission of the offense for which he is on trial, was temporarily insane because of intoxication, then you may take that condition into consideration in mitigation of the penalty you assess.

3. The definition of "reasonable doubt" comes from a case where it was the State's burden to prove guilt beyond a reasonable doubt:

The prosecution has the burden of proving the defendant guilty and it must do so by proving each and every element of the offense charged beyond a reasonable doubt and if it fails to do so, you must acquit the defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.

Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not guilty."

*Geesa v. State,* 820 S.W.2d 154, 162 (Tex. Crim.App.1991).

reasonable doubt. Indeed, the new rules announced in *Geesa* were to implement the constitutional requirement that a criminal conviction stand upon proof beyond a reasonable doubt. *Reyes,* 938 S.W.2d at 721 n. 7.

Here, the jury had already determined appellant's guilt with the guidance of a jury charge that included the *Geesa* definition of reasonable doubt. The application of reasonable doubt in question here was at the punishment stage, and to a defensive issue on which appellant had the burden. The distinction is significant. Because the definition of reasonable doubt in this case was not necessary to implement the constitutional requirement of proof of guilt beyond a reasonable doubt, the *Reyes* "automatic reversal" remedy is not mandated.

 Accordingly, we will apply the usual *Almanza* standard for reviewing jury charge error to which objection was made, and reverse if we find any actual harm, regardless of the degree. *Abdnor v. State,* 871 S.W.2d 726, 739–40 (Tex.Crim. App.1994); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985). We assess harm resulting from preserved error in the charge "in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole." *Almanza,* 686 S.W.2d at 171.

## A. Nature of the Error, Potential for Harm

 Though not mentioned in *Almanza,* the nature of the error and its potential for harm are important threshold considerations that ought to guide the harm analysis. *Cf. Harris v. State,* 790 S.W.2d 568, 587 (Tex.Crim.App.1989) (nature of the error is the second factor of harm analysis pursuant to prior Texas Rule 81(b)(2) of Appellate Procedure).[4] To understand the nature of the error that appellant raises, it is first necessary to understand a more fundamental error that appellant does not raise. More basic than the trial court's refusal to define reasonable doubt is the inclusion of reasonable doubt in the first place.[5] "Reasonable doubt" has no place in an instruction, such as consideration of temporary insanity from intoxication in mitigation of punishment, on which a defendant has the burden. Nothing in the governing statute requires any particular burden. *See* Tex. Penal Code Ann. § 8.04 (Vernon 1994) (no reference to any burden of proof). Moreover, it would be unprecedented that a defendant in a criminal case would ever bear a burden of proof of beyond a reasonable doubt. Even for affirmative defenses, for which the highest burden has been placed on defendants, a defendant bears only a preponderance-of-the-evidence burden of proof. Tex. Penal Code Ann. § 2.04 (Vernon 1994).

Because section 8.04 does not state a burden, a trial court should not instruct a jury that the defendant has a particular burden to prove temporary insanity arising from voluntary intoxication before the jury may consider that condition in mitigation of punishment. Omitting a burden is harmonious with the punishment-phase is-

---

4. Former rule 81(b)(2) is now rule 44.2(a) of the Texas Rules of Appellate Procedure.

5. The actual language of the instruction was "Therefore, if you find, *or have a reasonable doubt thereof,* that the defendant at the time of the commission of the offense for which he is on trial, was laboring under mental or physical incapacity caused by voluntary intoxication, then you may take such condition into consideration in mitigation of the penalty attached to the offense for which the defendant is being tried." (Emphasis added.) While the emphasized language does not clearly place a burden of proof beyond a reasonable doubt, similar language in the context of article 38.23(b) of the Code of Criminal Procedure (the statutory exclusionary rule) has been interpreted as placing such a burden. *See Lalande v. State,* 676 S.W.2d 115, 117 n. 5 (Tex.Crim.App.1984); *Peterson v. State,* 727 S.W.2d 125, 126 (Tex.App.—San Antonio 1987, no pet.).

sue of probation, regarding which a defendant likewise has an unspecified burden to convince a jury that he has not been previously convicted of a felony. *See* TEX.CODE CRIM. P. ANN. art. 44.12, sec. 4(e) (Vernon Supp.1999). Generally, as in this case, no burden of proof has been stated in jury charges for proving up probation eligibility. In other words, the jury should simply be instructed that before it may consider the condition in mitigation of punishment, it must find the accused suffered from temporary insanity arising from voluntary intoxication, as follows:

> Therefore, if you find that the defendant, at the time of the commission of the offense for which he is on trial, was temporarily insane because of intoxication, then you may take that condition into consideration in mitigation of the penalty you assess.

Having erroneously included the phrase "or have a reasonable doubt thereof," the trial court compounded its error by refusing to define "reasonable doubt." Nevertheless, it is crucial to realize that this error is different from not defining "reasonable doubt" when the State has the burden of proving a defendant's guilt.

When the State has the burden, the potential for harm in not giving a definition of "reasonable doubt," is to lower the State's burden of proof by making it easier for the jury to find a defendant guilty. If not giving a definition of "reasonable doubt," when the defendant has the burden, produced a similarly diminished burden for the defendant, there would be no potential for harm from refusing to define "reasonable doubt." Therefore, the true potential for harm here arose not from the refusal to define "reasonable doubt," but from the inclusion of the phrase "or have a reasonable doubt thereof."

## B. Entire Jury Charge

The only portion of the punishment charge that pertains to our review is the instruction on temporary insanity from intoxication in mitigation of punishment. Analysis of the instruction demonstrates three more errors that benefitted appellant.

### 1. Euphemism for "Temporary Insanity"

■ The instruction submitted in this case substituted the terms "mental or physical incapacity" for the statutory terminology, "temporary insanity," in section 8.04 of the Penal Code.[6] *See, e.g., Tucker v. State,* 771 S.W.2d 523, 533 (Tex.Crim.App. 1988) (example of instruction using "temporary insanity"). This could only have provided a lower burden for appellant. He need only have shown "mental or physical incapacity" rather than "temporary insanity."

### 2. Outdated Definition of Insanity

■ Likewise, appellant's burden appears to have been diminished by using an outdated definition of insanity. Since 1983, the definition of insanity has not included the alternative "or was incapable of conforming his conduct to the requirements of the law." *See Bigby v. State,* 892 S.W.2d 864, 878 n. 8 (Tex.Crim.App.1994). The definition is now limited to "did not know his conduct was wrong." TEX. PENAL CODE ANN. § 8.01(a) (Vernon 1994). Offering an alternative of showing incapability of conforming his conduct to requirements of the law made temporary insanity easier to prove in regard to an intoxicated defendant.

### 3. Reasonable Doubt Definition Rendered Irrelevant

■ The most important error, however, is in the application paragraph of the instruction. As analysis of the application paragraph clarifies, the jury was categorically authorized to take voluntary intoxi-

---

**6.** The term "physical incapacity" does not belong in an instruction on temporary insani-

ty, which pertains only to one's mental state.

cation into consideration in mitigation of punishment:

> Therefore, **if you find,** *or have a reasonable doubt thereof,* that the defendant at the time of the commission of the offense for which he is on trial, was laboring under mental or physical incapacity caused by voluntary intoxication, then you may take such condition into consideration in mitigation of the penalty attached to the offense for which the defendant is being tried.

(Emphases added.)

This paragraph offers two alternatives in authorizing the jury to consider appellant's voluntary intoxication as a mitigating factor. Under the first "**if you find**" alternative, the jury had to find that appellant was "laboring under mental or physical incapacity caused by voluntary intoxication." Under the second alternative, "*or have a reasonable doubt thereof,*" the jury could doubt or disbelieve that appellant was "laboring under mental or physical incapacity caused by voluntary intoxication" and still consider voluntary intoxication as a mitigating factor. The jury was thus instructed that it could consider intoxication as a mitigating factor in assessing punishment *whether or not* it had found that appellant was incapacitated from intoxication. This error clearly inured to appellant's benefit because it permitted the jury to consider appellant's voluntary intoxication without his having to establish either voluntary intoxication or mental incapacity as matters of fact. Indeed, this instruction makes any error in denying a definition of reasonable doubt absolutely harmless. *Regardless of what definition of reasonable doubt was or was not given, the jury was authorized to consider mental incapacity caused by voluntary intoxication in mitigation of punishment.*

## C. Arguments

With respect to the arguments of counsel, neither counsel even marginally addressed the undefined "reasonable doubt"

standard in arguments to the jury. In his argument, the prosecutor referred to voluntary intoxication as a mitigating factor, but also argued that intoxication could be an aggravating factor in consideration of punishment. While the latter argument has no statutory authorization, it nevertheless conceded that appellant was intoxicated and did not contest mental incapacity. Appellant did not even argue that his voluntary intoxication should have been considered in mitigation of punishment, and nothing suggests this lack of argument was due to omission of a definition of reasonable doubt.

## D. State of the Evidence, Contested Issues

■ While appellant's voluntary intoxication was uncontested, there was no evidence of temporary insanity (incorrectly called "mental or physical incapacity"), *i.e.,* that he did not know his conduct was wrong. Appellant had to prove this, however, to be entitled to the instruction authorized by section 8.04 of the Penal Code. *See Lee v. State,* 874 S.W.2d 220, 223–24 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). Under these circumstances, the jury instruction should not have been submitted at all. *Id.*

Thus, to the extent the jury may have considered appellant's voluntary intoxication, based on the "reasonable doubt" instruction given, this was more consideration than appellant was due. Nevertheless, as pointed out above, appellant did not even argue for his punishment to be mitigated by voluntary intoxication.

## E. Summary

We conclude that any error in refusing to define "reasonable doubt" was, under the circumstances of this case, beneficial to appellant. A fortiori, appellant has not shown any actual harm.

Accordingly, we overrule appellant's fourth point of error.

The discussion of the remaining points of error does not meet the criteria for publication, and is thus ordered not published. TEX.R.APP. P. 47.4.

We affirm the judgment of the trial court.