In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00491-CR
____________

DONALD GLENN SHELDON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 891223




MEMORANDUM OPINION
          A jury found appellant, Donald Glenn Sheldon, Jr., guilty of the felony offense
of unlawful restraint and assessed punishment at 10 years’ confinement. In three
points of error, appellant contends that the trial court erred in (1) denying his request
for a jury charge on the affirmative defense of duress, (2) denying his challenge for
cause as to juror number 36, and (3) allowing the State to misstate the necessity of
proving intent regarding the law of parties during its closing argument. We affirm.Background
          On September 18, 2001, appellant and Brent Peters knocked on complainant’s
(Duel Johnson’s) apartment door, told complainant that their car had broken down,
and asked to use his phone. Complainant let the two men into his apartment and
handed Peters the phone. After he used the phone, Peters pulled out a gun, put it to
complainant’s head, and said, “[g]et on the floor. Don’t move. I’m going to kill you. 
You’re going to die anyway, but if you do as I say, then you’ll live longer.” 
Complainant did as he was told. Appellant duct-taped complainant’s hands behind
his back, picked him up off the living room floor, and put him face-down on the
couch. Complainant noticed that Peters and appellant were now wearing white
gloves. 
          Peters then demanded complainant’s password to his email, which complainant
provided. Peters went into the next room where complainant’s computer was located
and began reading his email. Peters was gone for approximately five minutes. 
Appellant stayed in the living room and stood guard over Johnson. At this point,
complainant realized that Peters was his girlfriend’s ex-boyfriend.
          Peters came back into the living room, demanded the keys to complainant’s
truck, and said, “[w]e are going somewhere.” Peters grabbed a heavy flannel shirt
and draped it over complainant’s arms to cover up complainant’s taped hands. As the
three men left the apartment, appellant put one of his hands on complainant’s
shoulder and the other on his arm. Descending the stairs, complainant walked in front
of appellant, who was followed by Peters. Complainant suddenly quickened his pace,
jumped over the railing, and landed in a flower bed 10 feet below. He got to his feet
and started running and yelling for help. 
          A neighbor, Rayburn Sizemore, testified that he saw (1) the three men
descending the stairs, (2) complainant jump over the railing, and (3) the other two
men chasing complainant. Sizemore later identified appellant from a photo spread. 
          Phillip Cottle, a detective with the Baytown Police Department, investigated
the incident and learned that Peters had killed himself after the kidnapping. Cottle
checked the phone numbers on Peters’ cell phone and discovered that one of the
numbers belonged to appellant. At a meeting Cottle set up, appellant admitted his
involvement in the offense and gave a written statement. In the statement, appellant 
stated that Peters offered him $300 to get complainant out of the house.
Duress Instruction
          In his first point of error, appellant contends that the trial court erred in denying
his request for a jury charge on the affirmative defense of duress. Any evidence
admitted at trial that raises an affirmative defense to the charged offense, regardless
of its substantive character, requires a jury charge thereon. Brown v. State, 955
S.W.2d 276, 279 (Tex. Crim. App. 1997). A defendant is entitled to an affirmative
defense instruction on every issue raised by the evidence, regardless of whether that
evidence is strong, feeble, unimpeached, or contradicted, and even if the trial court
is of the opinion the testimony is not entitled to belief. Id. The defendant’s testimony
alone may be sufficient to raise a defensive theory, requiring a charge. Id. 
          Duress is an affirmative defense to an offense when one is compelled by the
threat of imminent death or seriously bodily injury to oneself or another. Tex. Pen.
Code Ann. § 8.05(a) (Vernon 2003). The Penal Code defines compulsion as the
force or threat of force that would render a person of reasonable firmness incapable
of resisting the pressure. Tex. Pen. Code Ann. § 8.05(c) (Vernon 2003).
          Considering the evidence in the light most favorable to appellant, we conclude
that appellant was entitled to a duress instruction with regard to the aggravated
kidnapping charge. Appellant testified that when he and Peters arrived at the
apartment, Peters handed him duct tape and told him to tape complainant’s hands
together behind his back. Appellant stated that Peters wanted his help to “pull him
[complainant] out of his apartment” and back to the car. Appellant testified that, at
first, he thought they were just going to scare complainant and that he did not expect
that Peters would be violent. On cross-examination, appellant testified that as he was
walking up to the apartment, he was thinking to himself that “this guy – might fight
this guy.” He admitted that before he even saw complainant, (and thus before Peters
brandished the gun), he knew that there was a good chance that someone was going
to get hurt. Planning to restrain complainant and knowing that there was a good
chance someone was going to get hurt, appellant willingly followed Peters to
complainant’s apartment.
          Once inside the apartment, Peters pretended to use complainant’s telephone. 
After he put the telephone down, Peters pulled out a gun, put it to complainant’s head,
and said, “[g]et on the floor. Don’t move. I’m going to kill you. You’re going to die
anyway, but if you do as I say, then you’ll live longer.” Complainant did as he was
told. Peters then waived a gun at appellant and told him “you’re going to do it [duct
tape complainant’s hands] or you’ll end up like him.” It was at this juncture that
appellant was subjected to the alleged duress. Based on this evidence, the trial court
erred in denying appellant’s request for a duress instruction with regard to the
aggravated kidnapping charge.
          Accordingly, we will apply the usual Almanza standard for reviewing jury
charge error to which objection was made, and reverse if we find any actual harm,
regardless of the degree. Abdnor v. State, 871 S.W.2d 726, 739-40 (Tex. Crim. App.
1994); Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). We assess
harm resulting from preserved error in the charge “in light of the entire jury charge,
the state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel, and any other relevant information revealed by the
record of the trial as a whole.” Almanza, 686 S.W.2d at 171; Ramos v. State, 991
S.W.2d 430, 434 (Tex. App.—Houston [1st Dist.] 1999, no pet.).
Jury Charge and the Verdict
          The difference between the trial court’s charge on aggravated kidnapping and
its charge on felony unlawful restraint is as follows: to find appellant guilty of
aggravated kidnapping required the jury to find that the restraint was accomplished
by the threat or use of deadly force with the intent to inflict bodily injury on
complainant, while to find him guilty of felony unlawful restraint required the jury
to find only that appellant exposed complainant to substantial risk of serious bodily
injury.


 Appellant was acquitted of the aggravated kidnapping charge and convicted
only of felony unlawful restraint. 
          Because appellant was entitled only to the affirmative defense of duress with
regard to the aggravated kidnapping charge, which was the only offense that required
use of a firearm, and the jury acquitted appellant of aggravated kidnapping, the jury
gave appellant all the relief he could have gotten from application of his duress
defense. When the jury acquitted appellant of aggravated kidnapping, it gave
appellant the most relief that a duress instruction could have afforded.
State of the Evidence
          On direct examination, appellant first testified that Peters needed his help
because he figured that complainant was going to fight back. He then testified that
he did not have any reason to believe that Peter’s plan involved violence and that he
thought they just wanted to scare the complainant. On cross-examination, appellant
again admitted that he thought there might be a fight and that there was a good chance
that someone was going to get hurt. He also admitted that if the complainant had
resisted, he would have used force. 
Argument of Counsel
          In its closing argument, the State focused on the inconsistencies in appellant’s
testimony, and it argued that appellant had formed the intent to commit aggravated
kidnapping. In her closing statement, appellant’s own attorney argued as follows:
Now, although he readily concedes misdemeanor unlawful
restraint, I submit to you that the facts could also very
easily fit felony unlawful restraint. You go over to
somebody’s house, you duct-tape their hands, you may be
pretty darn reckless if you don’t think you’re going to be
exposing that guy to serious bodily injury. I’ll submit to
you that while he readily concedes to misdemeanor
unlawful restraint, felony unlawful restraint can easily fit
these facts, but not aggravated kidnapping because he’s got
to know about the gun. . . . He didn’t know he had a gun.
 
                                         * * * * *
 
At the very, very most, he was reckless in his behavior
because he exposed Duel Johnson [complainant] to a risk
of serious bodily injury. At the very most that is what he
is guilty of. And that does not involve any knowledge of
the gun. Simply taping somebody’s hands and planning to
get them out of their apartment is enough to get you felony
unlawful restraint, but he did not know about the gun. He
did not know that Brent Peters was going over there to kill
Duel Johnson [complainant]. 
          In light of the entire jury charge, the verdict, the state of the evidence and the
argument of counsel, we conclude that the trial court’s error was harmless.
We overrule appellant’s first point of error.
Challenge for Cause
          In his second point of error, appellant contends that the trial court erred in
denying his challenge for cause as to venireperson 36. The State responds that
appellant did not demonstrate that the trial court erred in denying his challenge for
cause.
          A venireperson who states that he cannot consider the full range of punishment
for any offense of which the accused might be found guilty is challengeable for cause
under Article 35.16(b)(3) and (c)(2) for having a bias or prejudice against the law. 
Tex. Code Crim. Proc. Ann. Art. 35.16(b)(3), (c)(2) (Vernon Supp. 2003); Ladd v.
State, 3 S.W.3d 547, 559 (Tex. Crim. App. 1999). The venireperson must be able to
keep an open mind with respect to punishment until he hears all the evidence. Ladd,
3 S.W.3d at 559. 
          The trial court has discretion in ruling on challenges for cause, and its ruling
will not be upset on appeal absent an abuse of that discretion. Id. An appellate court
must examine the record as a whole to determine whether there is support for the trial
court’s rulings. We must give great deference to the trial judge, who was present to
observe the demeanor of the venireperson and to listen to his tone of voice. Patrick
v. State, 906 S.W.2d 481, 488 (Tex. Crim. App. 1995), cert. denied, 517 U.S. 1106
(1996). “We accord particular deference when the potential juror’s answers are
vacillating, unclear, or contradictory.” Id.
          Defense counsel questioned all 60 venirepersons individually as to whether
each could consider the full range of punishment for aggravated kidnapping, counsel 
rephrased the question to clarify the issue, yet confusion among the venirepersons,
the trial counsel, and the judge was apparent. Venireperson 36 responded in a manner
which clearly demonstrated that he was confusing the guilt/innocence determination
with the assessment of punishment. Given the colloquy among venireperson 36,
defense counsel, and the judge, we cannot say that the venireperson unequivocally
stated that he could not consider the full range of punishment. Giving deference to
the ruling of the trial judge, who was able to actually see and hear the venireperson,
we cannot say that she abused her discretion when she denied appellant’s challenge
for cause. 
          We overrule appellant’s second point of error. 
Law of Parties
          In his third point of error, appellant contends that the trial court erred by
allowing the State to twice misstate the necessity of proving intent regarding the law
of parties during its closing argument. 
          Appellant complains about the following statements made by the State: 
[Counsel for the State]: If Brent Peters committed
aggravated kidnapping and Donald Sheldon [appellant]
attempted to aid him or aided him, he committed
aggravated kidnapping. 
 
[Counsel for appellant]: Objection, Your Honor. They
have to find he intended to help him, not just that he helped
him.
 
The Court: The jury will refer to the definitions in the
Court’s charge.
* * * * *
[Counsel for the State]: So let’s talk about what the defense
brought you. We talked about intent. He only needs to
intend to promote to [sic] assist. He doesn’t need to intend
to commit the offense.
 
[Counsel for appellant]: Objection, Your Honor, that’s not
the law. He has to intend to promote or assist the specific
offense. 
The Court: The jury will refer to the Court’s charge.
 
          To preserve error for appeal, a complaining party must not only object, but also
obtain an adverse ruling, unless the trial court refuses to rule on the objection and the
complaining party objects to the refusal. Tex. R. App. P. 33.1. Appellant neither
obtained an adverse ruling, nor objected to the trial court’s ambiguous response. He
did not preserve error for review.
          We overrule appellant’s third point of error.Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Adele Hedges
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).