COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-255-CR*
  
  
CHRISTOPHER 
XAVIER FRANKLIN                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 78TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
I. Introduction
        Appellant 
Christopher Xavier Franklin appeals his conviction of burglary of a habitation. 
Counsel on appeal has filed an Anders brief asserting that there are no 
grounds that could be argued successfully on appeal. Appellant has filed a pro 
se brief raising one point on appeal. We grant counsel’s motion to withdraw, 
address and overrule appellant’s point, and affirm the trial court’s 
judgment.
II. Background Facts
        On 
December 11, 2003, Keith Jones was at his house with several companions when a 
man later identified as appellant broke into his house, threatened them with a 
knife, stole some items of personal property, and ran away. Police went to 
appellant’s house where they found him lying on his couch. Police found a 
knife similar to the one Jones described and some of the personal property taken 
from Jones’s house. A jury found appellant guilty of burglary of a habitation 
and assessed his punishment at forty-five years’ confinement.
III. The Anders Brief
        Appellant’s 
court-appointed appellate counsel has filed a motion to withdraw as counsel and 
a brief in support of that motion. In the brief, counsel avers that, in his 
professional opinion, this appeal is frivolous. Counsel’s brief and motion 
meet the requirements of Anders v. California, 386 U.S. 738, 87 S. Ct. 
1396 (1967), by presenting a professional evaluation of the record demonstrating 
why there are no arguable grounds for relief.
        Once 
appellant's court-appointed counsel files a motion to withdraw on the ground 
that the appeal is frivolous and fulfills the requirements of Anders, we 
are obligated to undertake an independent examination of the record and to 
essentially rebrief the case for appellant to see if there is any arguable 
ground that may be raised on appellant's behalf. See Stafford v. State, 
813 S.W.2d 503, 511 (Tex. Crim. App. 1991).
IV. Independent Review
A. Pretrial
        Appellant 
did not file a motion to quash the indictment. The indictment charges appellant 
with burglary of a habitation, tracks the applicable statutory language, and was 
sufficient to confer jurisdiction on the trial court. See Tex. Const. art. V, § 12; Tex. Penal Code Ann. § 30.02 (Vernon 
2003); Duron v. State, 956 S.W.2d 547, 551 (Tex. Crim. App. 1997). During 
voir dire, neither the State nor appellant objected to questions asked of the 
venire. The trial court granted the State’s only challenge for cause over 
appellant’s objection. Appellant made two challenges for cause. The trial 
court granted one but denied the other one.
        A 
trial court is in the best position to evaluate the demeanor of a prospective 
juror. See Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), cert. 
denied, 509 U.S. 926 (1993). Thus, we review a trial court’s determination 
of a challenge for cause for abuse of discretion. Id. Here, the State 
challenged a prospective juror for cause, arguing that she could not consider 
the full range of punishment. The prospective juror had previously stated during 
voir dire that she did not think she could consider the full range of punishment 
for the offense. Although appellant attempted to rehabilitate the prospective 
juror, the trial court ultimately granted the State’s challenge. The trial 
court was in the best position to evaluate the prospective juror’s demeanor 
and decide whether she could, in fact, consider the full range of punishment for 
the offense. Therefore, we cannot say that the trial court abused its discretion 
by granting the State’s challenge for cause.
        To 
obtain a reversal based on a trial court’s erroneous denial of a valid 
challenge for cause, an appellant must first show that he was harmed by the 
trial court’s action.  Narvaiz v. State, 840 S.W.2d 415, 427 (Tex. 
Crim. App. 1992), cert. denied, 507 U.S. 975 (1993).  An appellant 
may do this by showing that he exhausted his peremptory challenges, that the 
trial court denied his request for additional peremptory challenges, and that a 
juror on whom he would have exercised a peremptory challenge was seated. Id. 
In the present case, the record does not indicate whether appellant exhausted 
his peremptory challenges and if so whether he requested more. Thus, our review 
of the record reveals that no reversible error occurred during pretrial.
B. Guilt-Innocence Phase
        Keith 
Jones lives at 409 Kentucky in Wichita Falls, Texas. He testified that around 
11:30 p.m. on December 11, 2003, he was at his house with several companions 
when appellant began trying to break into his house. He testified that appellant 
kicked down a door, came inside, and began threatening everyone with a knife. 
Jones then went to his neighbor’s house to call the police. Jones testified 
that while he was at his neighbor’s house, he saw appellant leave his house 
carrying some of his personal belongings.
        During 
cross-examination, appellant’s counsel asked Jones whether appellant had ever 
shown him a knife during his previous visits to Jones’s house Jones replied, 
“Yeah. In fact, one time he showed me a gun, said he was going to blow me 
away.” Appellant objected, arguing the answer was nonresponsive. The trial 
court sustained the objection, instructed the jury to disregard, but denied 
appellant’s request for a mistrial. Walter Fuller, who was in Jones’s house 
on December 11, also testified that appellant broke into the house, threatened 
everyone with a knife, and stole some of Jones’s things. He testified that 
appellant appeared to have been drinking.
        Mistrial
        When 
objectionable testimony is introduced, either deliberately or inadvertently, an 
appellate court presumes the jury followed the trial court’s instructions to 
disregard. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999), cert. 
denied, 529 U.S. 1070 (2000); Drake v. State, 123 S.W.3d 596, 604 
(Tex. App.—Houston [14th Dist.] 2003, pet. ref’d). “This is true ‘except 
in extreme cases where it appears that the . . . evidence is clearly calculated 
to inflame the minds of the jury and is of such a character as to suggest the 
impossibility of withdrawing the impression produced on their minds.’“ Gardner 
v. State, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987) (quoting Campos v. 
State, 589 S.W.2d 424, 428 (Tex. Crim. App. 1979)), cert. denied, 484 
U.S. 905 (1987). We review a trial court’s denial of a motion for mistrial for 
abuse of discretion. Ladd, 3 S.W.3d at 567.
        In 
the present case, the State did not elicit Jones’s testimony relating to 
appellant’s showing him a gun and telling him that he would blow him away. 
Rather, Jones’s testimony came in response to a question posed by defense 
counsel. See Drake, 123 S.W.3d at 604. The trial court immediately 
instructed the jury to disregard. See id. We cannot say that the 
testimony was so inflammatory that the jurors could not follow the trial 
court’s instruction. See id. Therefore, the trial court did not abuse 
its discretion by denying appellant’s motion for mistrial.
        Wichita 
Falls Police Officer Robert Woodruff testified that on December 11, 2003 he was 
dispatched to Jones’s house regarding a burglary in progress. Appellant had 
already left when Officer Woodruff arrived. After Jones and his companions 
identified appellant as the one who committed the burglary, Officer Woodruff 
drove to appellant’s house. Officer Woodruff testified that appellant’s 
front door was open and that he could see appellant lying on his couch. Officer 
Woodruff told appellant that he needed to talk to him, and appellant invited him 
inside. On appellant’s floor, Officer Woodruff found a knife that was similar 
to the one described by the occupants of Jones’s house. Officer Woodruff’s 
partner, Officer Mason Wiese, found a bag containing some of Jones’s personal 
property in appellant’s bathroom. Officer Woodruff testified that appellant 
was intoxicated and that appellant told him he had recently smoked crack 
cocaine.
        Officer 
Woodruff testified that after he arrested appellant and put him in the backseat 
of his police car, appellant became violent and kicked out one of the windows. 
Appellant objected, arguing that the testimony referred to extraneous conduct, 
which the State had not given notice it would offer. The State argued that the 
incident was contextual and an indication of appellant’s guilt. The trial 
court overruled appellant’s objection.
        Extraneous 
Conduct
        Extraneous 
conduct is admissible as same-transaction contextual evidence when it is “so 
intertwined with the charged offense that testimony cannot be given regarding 
the charged crime without showing the extraneous [conduct] as well or when the 
charged offense would make little or no sense without also bringing in the 
same-transaction evidence.” Best v. State, 118 S.W.3d 857, 864 (Tex. 
App.—Fort Worth 2003, no pet.). Moreover, the State is generally entitled to 
show the circumstances surrounding an arrest. Couret v. State, 792 S.W.2d 
106, 107 (Tex. Crim. App. 1990). However, the evidence must be relevant to a 
material issue in the case, and the probative value must outweigh the 
prejudicial value. Id. The erroneous admission of an extraneous offense 
is not constitutional error. Best, 118 S.W.3d at 864. Therefore, we must 
disregard the error unless it affected appellant’s substantial rights. Id.
        We 
cannot say that appellant’s act of kicking out the window of Officer 
Woodruff’s patrol car was so intertwined with the charged offense to make it 
admissible as same-transaction contextual evidence. Nor can we say that 
appellant’s act was material to an issue in the case. However, even if the 
trial court abused its discretion by admitting Officer Woodruff’s testimony, 
because there was substantial evidence of appellant’s guilt, we conclude that 
the admission of this evidence did not have a substantial and injurious effect 
on the jury’s verdict and therefore did not affect appellant’s substantial 
rights.
        Neither 
side objected to the jury charge. After closing arguments, the trial court sent 
the jury to deliberate. The jury deliberated for a while and then sent a note to 
the trial court asking whether the State must prove that appellant had the 
intent to steal before entering Jones’s house. The trial court proposed 
responding to the jury’s question by telling them that it was not allowed to 
answer their question and by referring them to the language in the jury charge. 
Appellant objected, arguing that the trial court should answer “yes” to the 
jury’s question. However, the trial court ultimately answered the jury’s 
question with the response it had originally proposed by telling them to refer 
to the language in the jury charge. The jury found appellant guilty of burglary 
of a habitation.
        Question 
from the Jury
        According 
to article 36.27 of the code of criminal procedure, after a jury has begun 
deliberating, it may communicate with the court in writing. Tex. Code Crim. Proc. Ann. art. 36.27 
(Vernon 1981). A jury may request additional instructions on questions of law if 
the request is proper. See Ishmael v. State, 688 S.W.2d 252, 262 (Tex. 
App.—Fort Worth 1985, pet. ref’d). If the request from the jury for 
additional instructions is not proper, the trial court should refer the jury to 
the court’s charge. Id. Here, the jury charge properly set forth the 
elements of the offense of burglary of a habitation. See Tex. Penal Code Ann. § 30.02(a)(1). 
Therefore, we hold that the trial court did not err when it responded to the 
jury’s question by referring the jury to the language in the jury charge.
        Sufficiency 
of the Evidence
        Jones 
and Fuller testified that they saw appellant beak into Jones’s house, threaten 
the occupants with a knife, and leave with some of Jones’s personal 
belongings. Moreover, Officer Woodruff testified that he found appellant lying 
on his couch with the knife on the floor beside him, and Officer Wiese testified 
that he found a bag containing Jones’s personal belongings in appellant’s 
bathroom. Applying the appropriate standards of review,[2] 
we hold the evidence is legally and factually sufficient to convict appellant of 
burglary of a habitation.
C. Punishment
        At 
the punishment phase of the trial, appellant pled true to two enhancement 
paragraphs, each alleging a prior felony conviction. The State offered all of 
the testimony and exhibits previously admitted, and appellant reurged his 
previous objections. The State offered pen packets from the Texas Department of 
Criminal Justice and a stipulation of evidence from appellant and then rested. 
Appellant called his father, Louis Eddy Franklin, to testify. He testified that 
appellant’s main problem was drugs and that appellant could be rehabilitated 
and be a contributing member of society. Appellant did not object to the trial 
court’s charge on punishment, and the jury assessed his punishment at 
forty-five years’ confinement. The trial court properly instructed the jury on 
the applicable range of punishment and on applicable parole laws, and the jury 
assessed punishment within the permissible statutory range. See Tex. Penal Code Ann. § 12.32 (Vernon 
2003), § 12.42(d) (Vernon Supp. 2004-05).
V. The Pro Se Brief
        In 
his sole point, appellant argues that he was denied effective assistance of 
counsel during the punishment phase of the trial. Appellant contends that he was 
intoxicated at the time of the burglary and that counsel failed to introduce 
expert testimony on the effects of intoxication and failed to request a 
mitigating instruction on voluntary intoxication in the charge to the jury.
        We 
apply a two-pronged test to ineffective assistance of counsel claims. Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must 
show that his counsel’s performance was deficient; second, appellant must show 
the deficient performance prejudiced the defense. Strickland, 466 U.S. at 
687, 104 S. Ct. at 2064; Hernandez v. State, 988 S.W.2d 770, 770 (Tex. 
Crim. App. 1999).
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each case. Thompson, 
9 S.W.3d at 813. The issue is whether counsel’s assistance was reasonable 
under all the circumstances and prevailing professional norms at the time of the 
alleged error. See Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065. 
“[C]ounsel is strongly presumed to have rendered adequate assistance and made 
all significant decisions in the exercise of reasonable professional 
judgment.” Id. at 690, 104 S. Ct. at 2066. An allegation of ineffective 
assistance must be firmly founded in the record, and the record must 
affirmatively demonstrate the alleged ineffectiveness. Thompson, 9 S.W.3d 
at 813. Our scrutiny of counsel’s performance must be highly deferential, and 
every effort must be made to eliminate the distorting effects of hindsight. Strickland, 
466 U.S. at 689, 104 S. Ct. at 2065.
        The 
second prong of Strickland requires a showing that counsel’s errors 
were so serious that they deprived the defendant of a fair trial, i.e., a trial 
whose result is reliable. Id. at 687, 104 S. Ct. at 2064. In other words, 
appellant must show there is a reasonable probability that, but for counsel’s 
unprofessional errors, the result of the proceeding would have been different. Id. 
at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient 
to undermine confidence in the outcome. Id. The ultimate focus of our 
inquiry must be on the fundamental fairness of the proceeding whose result is 
being challenged. Id. at 697, 104 S. Ct. at 2070.
        Section 
8.04(b) of the penal code allows a defendant to offer evidence of temporary 
insanity caused by voluntary intoxication to mitigate punishment. Tex. Penal Code Ann. § 8.04(b) (Vernon 
2003). A jury may take this evidence into consideration in mitigation of the 
penalty, if any, that it assesses. See Ramos v. State, 991 S.W.2d 430, 
435 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). To be entitled to a 
jury instruction on temporary insanity caused by voluntary intoxication for the 
purpose of mitigation, however, a defendant must first establish that, as a 
result of his voluntary intoxication, he either (1) did not know that his 
conduct was wrong, or (2) was incapable of conforming his conduct to the 
requirements of the law he violated. Cordova v. State, 733 S.W.2d 175, 
190 (Tex. Crim. App. 1987), cert. denied, 487 U.S. 1240 (1988).
        In 
the present case, Walter Fuller and Officer Woodruff testified only that 
appellant was intoxicated. Neither testified that as a result of his 
intoxication, appellant either (1) did not know that his conduct was wrong, or 
(2) was incapable of conforming his conduct to the requirements of the law he 
violated. Thus, because appellant presented no evidence of temporary insanity 
caused by voluntary intoxication, he was not entitled to a jury instruction on 
that issue. Moreover, the record does not indicate why trial counsel did not 
present expert testimony on the effects of appellant’s intoxication.
        We 
conclude and hold that appellant was not entitled to a jury instruction on 
temporary insanity caused by voluntary intoxication for the purpose of 
mitigation of punishment. Further, our independent review of the record 
indicates that trial counsel rendered effective assistance. We overrule 
appellant’s sole point.
VI. Conclusion
        Our 
independent review of the record compels us to agree with counsel’s 
determination that any appeal in this case would be frivolous. Thus, we grant 
counsel’s motion to withdraw on appeal, overrule appellant’s point, and 
affirm the trial court’s judgment.
  
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
 
  
  
PANEL 
A:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
DAUPHINOT, 
J. filed a concurring opinion
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 9, 2005

 
 
 
COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-255-CR
 
 
CHRISTOPHER 
XAVIER FRANKLIN                                           APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 78TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
CONCURRING OPINION
 
----------
 
        I 
write separately only to point out that Appellant’s claim of ineffective 
assistance is better raised in a writ of habeas corpus.[1]
  
   
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
 
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 9, 2005



NOTES
*  Majority Opinion by Justice Livingston; Concurring Opinion 
by Justice Dauphinot
    MAJORITY 
OPINION NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979 (legal 
sufficiency); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004) 
(same); see also Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 
2004) (factual sufficiency).
   
        CONCURRING OPINION NOTES
1.  
See Thompson v. State, 9 S.W.3d 808, 814 & n.6 (Tex. Crim. App. 
1999); Ex parte Torres, 943 S.W.2d 469, 475-76 (Tex. Crim. App. 1997).