

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NOS. 02-10-00277-CR
## 02-10-00278-CR

DERRICK LEONARD                                                APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Derrick Leonard pled guilty to a jury in two different cause numbers to theft and burglary of a motor vehicle. In a single issue, appellant contends the trial court erred by refusing to include his requested jury instruction in the charge in the theft case. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

Appellant was intoxicated when he committed the theft offense.[2]  He requested an instruction in the jury charge on punishment stating that evidence of temporary insanity caused by intoxication "*should be considered* in mitigation of the penalty, if any, attached to the offense." [Emphasis added.]  The trial court instructed the jury instead that evidence of temporary insanity caused by intoxication "*may, but is not required to be, considered* in mitigation of the penalty, if any, attached to the offense." [Emphasis added.]

Section 8.04 of the penal code provides that although voluntary intoxication is not a defense to the commission of a crime, "[e]vidence of temporary insanity caused by intoxication may be introduced by the actor in mitigation of the penalty attached to the offense for which he is being tried." Tex. Penal Code Ann. § 8.04(a), (b) (Vernon 2003).  Appellant contends that the trial court's instruction fails because it does not direct the jury to actually consider any evidence of temporary insanity caused by intoxication.  But "the law does not require a juror to consider any particular piece of evidence as mitigating; all the law requires is that a defendant be allowed to present relevant mitigating evidence and that the jury be provided a vehicle to give mitigating effect to that evidence if the jury finds it to be mitigating." *Raby v. State*, 970 S.W.2d 1, 3 (Tex. Crim. App.), *cert. denied*, 525 U.S. 1003 (1998).  Accordingly, the trial

---

[2]Appellant does not challenge his burglary conviction.

court's instruction was proper.[3] *See Ramos v. State*, 991 S.W.2d 430, 434–35 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd). We overrule appellant's sole issue and affirm the trial court's judgments.

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 10, 2011

---

[3]Moreover, appellant's requested charge, which tracks the pattern jury charge, is more appropriate to a case in which the defendant has pled not guilty, and the jury must be instructed that the temporary-insanity-caused-by-intoxication is not to be considered at guilt-innocence, but rather, "should be considered" instead as relevant to punishment. Here, appellant pled guilty to the jury, so the trial court's departure from the pattern jury charge, while nevertheless a proper statement of the law, was also appropriately tailored to the situation at hand.