02-10-277 & 278-CR















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NOS. 02-10-00277-CR

          02-10-00278-CR

 

 


 
 
 Derrick Leonard
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM Criminal District Court No. 3
OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Derrick Leonard pled guilty to a jury
in two different cause numbers to theft and burglary of a motor vehicle.  In a single issue, appellant contends the
trial court erred by refusing to include his requested jury instruction in the
charge in the theft case.  We affirm.

          Appellant was intoxicated when he
committed the theft offense.[2]  He requested an instruction in the jury
charge on punishment stating that evidence
of temporary insanity caused by intoxication “should be considered in mitigation of the penalty, if any, attached
to the offense.”  [Emphasis added.]  The trial court instructed the jury instead
that evidence of temporary insanity caused by intoxication “may, but is not required to be, considered
in mitigation of the penalty, if any, attached to the offense.”  [Emphasis added.]

          Section
8.04 of the penal code provides that although voluntary intoxication is not a
defense to the commission of a crime, “[e]vidence of
temporary insanity caused by intoxication may be introduced by the actor in
mitigation of the penalty attached to the offense for which he is being tried.”  Tex. Penal Code Ann. §
8.04(a), (b) (Vernon 2003).  Appellant
contends that the trial court’s instruction fails because it does not direct
the jury to actually consider any evidence of temporary insanity caused by intoxication.  But “the law does not require a juror to
consider any particular piece of evidence as mitigating; all the law requires
is that a defendant be allowed to present relevant mitigating evidence and that
the jury be provided a vehicle to give mitigating effect to that evidence if
the jury finds it to be mitigating.”  Raby v. State, 970 S.W.2d 1, 3 (Tex.
Crim. App.), cert. denied, 525 U.S.
1003 (1998).  Accordingly, the trial
court’s instruction was proper.[3]  See Ramos
v. State, 991 S.W.2d 430, 434–35
(Tex. App.––Houston [1st Dist.] 1999, pet. ref’d).  We overrule appellant’s sole issue and affirm
the trial court’s judgments.

 

 

TERRIE LIVINGSTON
CHIEF JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
GARDNER and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 10, 2011











          [1]See Tex. R. App. P. 47.4.





[2]Appellant
does not challenge his burglary conviction.





[3]Moreover,
appellant’s requested charge, which tracks the pattern jury charge, is more
appropriate to a case in which the defendant has pled not guilty, and the jury
must be instructed that the temporary-insanity-caused-by-intoxication is not to
be considered at guilt-innocence, but rather, “should be considered” instead as
relevant to punishment.  Here, appellant
pled guilty to the jury, so the trial court’s departure from the pattern jury
charge, while nevertheless a proper statement of the law, was also
appropriately tailored to the situation at hand.